189 N.J. Super. 196 (1983)
459 A.2d 707
HAZEL WILLIAMS AND RICHARD WILLIAMS, PLAINTIFFS,
v.
WILLIAM A. ADAMS, ARTHUR H. THOMAS, STEPHEN A. SILVERN, COUNTY OF ATLANTIC, AND/OR STATE OF NEW JERSEY, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Law Division Atlantic County.
Decided March 8, 1983.
*197 Gregory Mutchko for plaintiff (Goldsmith & Weiss, attorneys).
William J. Linton for defendants (Salvatore Perillo, County Counsel, attorney).
PERSKIE, J.S.C.
This motion poses a heretofore unanswered question concerning the construction of N.J.S.A. 59:9-6(a), a section of the New Jersey Tort Claims Act. The critical issue is whether that section requires dismissal of a suit against a public employee when final judgment is entered in favor of a public entity for failure to comply with the notice of claim requirements of the act.
The underlying suit is a tort action for injuries sustained in a two-car collision in Atlantic City on April 22, 1980. One of the vehicles involved was a car owned by Atlantic County and driven by defendant Silvern, a county employee. Suit was filed on April 20, 1982. No timely notice of claim, required within 90 days of accrual of the cause of action as a prerequisite to suit against a public entity, was ever filed with the county. See N.J.S.A. 59:8-3; 59:8-8. Accordingly, the action against the county was dismissed on motion by the county on June 18, 1982. The county now moves for certification of that dismissal as a final judgment under R. 4:42-2; it then contends that this certification mandates dismissal of the action against defendant Silvern under N.J.S.A. 59:9-6(a).[1]
R. 4:42-2 gives a trial court discretion, in a case involving multiple parties, to enter a "partial" final judgment if all rights *198 and liabilities of one party have been adjudicated and no just reason for delay exists. These criteria are satisfied in this case. The order dismissing the county as a defendant determines all its rights and liabilities in the case against both plaintiffs and codefendants. Since the notice of claim provisions of the Tort Claims Act forever bar plaintiff from seeking relief against the county, see Pinckney v. Jersey City, 140 N.J. Super. 96, 100-103 (Law Div. 1976), and since the order of dismissal creates no danger that certification will render an interlocutory order appealable, see Leonardis v. Bunnell, 164 N.J. Super., 338, 340 (App.Div. 1978), certif. den. 81 N.J. 265 (1979), no just reason to delay certification exists. Accordingly, I will certify the order dismissing the action against the county as a final judgment.
This certification thus squarely raises the county's argument under N.J.S.A. 59:9-6(a). That section provides:
Where a claimant has pursued his remedy against a public entity for a claim arising out of the act or omission of a public employee of a public entity, a judgment or settlement shall be a complete bar to suit against the employee in a claim arising from the same subject matter.
It is the county's contention that "judgment" in this section should include a final judgment dismissing a claim against a public entity for failure to comply with the notice requirements of the Tort Claims Act. For the reasons herein stated, I hold that this position is incorrect, and that the judgment herein entered against the county is not a bar to the action against the employee.
There is no legislative comment to N.J.S.A. 59:9-6(a), and no reported decisions construing it exist. Significantly, however, the Tort Claims Act does not bar suit against a public employee, individually, for acts done in the course of his employment, simply because a plaintiff elects not to sue the public entity. See N.J.S.A. 59:3-1 and comment thereto. The notice of claim requirement is expressly limited to claims against public entities. N.J.S.A. 59:8-3. Consequently, filing of a claim against a public entity is not a prerequisite to suit against an individual employee, Lutz v. Semcer, 126 N.J. Super. 288, 300 (Law Div. 1974), even when a claimant might thereby recover *199 from the entity indirectly, through indemnification, what he could not recover directly. See Lameiro v. West New York Bd. of Ed., 136 N.J. Super. 585, 590 (Law Div. 1975). Had plaintiff in this case declined, or simply failed, to sue the county, there is no question that her action against defendant Silvern would be viable.
Given this conclusion, I do not believe that N.J.S.A. 59:9-6(a) can be read to force plaintiff to surrender her rights against an individual employee simply because she failed to comply with the procedural prerequisite to suit against the public entity under the Tort Claims Act. The statute bars suit against an employee when a plaintiff has "pursued his remedy" against an entity for the employee's tort and secured a judgment or settlement. This language seems intended to bar suits against an employee when the identical claims have been substantively adjudicated against the entity  the normal circumstance when a plaintiff seeks to hold an entity vicariously liable for an employee's actions. In other words, the purpose of this section most logically appears to intend to bar a claim against the employee on principles of res judicata or collateral estoppel, rather than to establish a new procedural requirement. Compare N.J.S.A. 59:9-6(b), which with identical language precludes suit against the entity in the reverse situation, where problems of statutory notice would not arise. It is difficult to conceive a purpose to the language of subsection 6(b) other than the construction herein applied to subsection 6(a), to wit, a requirement of a "substantive" determination of a claim pursued against the employee.
The structure of the Tort Claims Act supports this construction. The act's basic approach is to reestablish sovereign immunity, with specified exceptions. N.J.S.A. 59:2-1 and comment thereto. Sovereign immunity is a jurisdictional bar to suit; compliance with the notice of claim provisions confers jurisdiction on a court to hear a plaintiff's claim against a public entity. See Pinckney v. Jersey City, supra, 140 N.J. Super. at 100. The claim requirements are thus conditions on a plaintiff's right of *200 action, not his remedy. Id. at 102, citing Larson v. Port of New York, 17 F.R.D. 298, 300 (S.D.N.Y. 1955). Since plaintiff here, by virtue of her failure to file a notice of claim, had no right to seek recovery from the public entity, it follows that she cannot be held to have "pursued [her] remedy." Therefore, N.J.S.A. 59:9-6(a) cannot apply to bar the claim against the employee.
This interpretation is also supported by a comparison of the statute with the analogous provision in the California Tort Claims Act, which was the model for New Jersey's enactment. See comment to N.J.S.A. 59:1-1. Cal.Gov.Code, § 950.2 bars claims against public employees "if an action against the employing public entity is barred"; as the comment to that section makes clear, the "bar" extends to cases in which the suit against the entity is precluded by an untimely or insufficient notice of claim, or by failure to file at all. In contrast, New Jersey permits suits against individuals even when a claim has not been filed, and predicates its bar on "pursuit of remedy" and a judgment or settlement. This distinction can only have meaning if subsection 6(a) is construed to be limited to substantive determinations; otherwise, our Legislature could have used the broader language adopted in California to create the bar that the county herein asserts.
The county correctly points out that where, as in this case, the entity has adopted a policy of indemnifying its employees, this reading effectively eviscerates the act's strict, 90-day notice of claim requirement, by perpetuating the "anomaly" noted in Lameiro, supra, 136 N.J. Super. at 590. When an employee is indemnified by the public entity, a plaintiff can simply disregard the notice requirement and recover indirectly from the entity even if his action against it is dismissed for failure to file a claim. However, this anomaly  if that is what it is  must be addressed by the Legislature rather than by the court. It cannot be cured, as the county suggests, by importing the provisions of the California statute into the New Jersey act. As noted above, California effectively requires a timely notice of *201 claim against a public entity as a prerequisite to any suit against an employee. New Jersey's statute expressly preserves a plaintiff's rights against an employee even when a notice is not filed. To read N.J.S.A. 59:9-6(a) as the county urges would necessarily be to contravene both this clear statement of legislative policy and the carefully phrased language of the section itself.
Nor is it significant, in the context of this question, that the Legislature has required indemnification of certain state employees, N.J.S.A. 59:10-1, and "encouraged" it for employees of local public entities. N.J.S.A. 59:10-4 and comment thereto. In the first place, indemnification for local employees is discretionary and can be withheld by a local public entity if it finds the "anomaly" of indirect recovery too burdensome. More importantly, the presence of indemnification provisions in an act that preserves a plaintiff's rights against individual public employees is simply a manifestation of a tension in the statute, tension the Legislature alone can resolve.
Accordingly, I hold that N.J.S.A. 59:9-6(a) does not require dismissal of a claim against a public employee when final judgment is entered in favor of a public entity for failure to comply with the notice requirements of the Tort Claims Act. That portion of the county's motion seeking dismissal of the claim against defendant Silvern is therefore denied.
NOTES
[1] The county has undertaken to defend its employee Silvern, and brings this motion on his behalf incident to its voluntary policy of indemnifying its employees in liability cases such as this. N.J.S.A. 59:10-4. See also infra at 200.