693 A.2d 535

RICHARD STREET, RESPONDENT, v. UNIVERSAL
MARITIME, APPELLANT.

MICHAEL SERPE, RESPONDENT, v. UNIVERSAL
MARITIME, APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 25, 1997—Decided May 16, 1997.

Before Judges DREIER [1], D'ANNUNZIO and VILLANUEVA.

*Jeffrey D. Marshall* argued the cause for appellant (*Braff Harris & Sukoneck*, attorneys; *Mr. Marshall*, on the brief).

*Michael A. Priarone* argued the cause for respondents Richard Street and Michael Serpe (*Marciano & Topazio*, attorneys; *Mr. Priarone* and *Andrew R. Topazio*, on the brief).

The opinion of the court was delivered by

D'ANNUNZIO, J.A.D.

These are separate appeals by the employer from judgments of the Division of Workers' Compensation. In A–6550–95, the employer appeals from a June 17, 1996 judgment awarding Richard Street 7½% permanent partial disability. In A–6551–95, the employer appeals from a judgment awarding Michael Serpe 25% permanent partial disability. In both cases, the Division determined that Street and Serpe, career longshoremen who were in their sixties, suffered from chronic obstructive lung disease due to their work-related exposure to noxious substances. We consolidate these appeals for the purpose of this opinion because they present a common legal issue.

The common issue involves an amendment to New Jersey's Workers' Compensation Act. The amendment (sometimes referred to as chapter 74), effective on July 22, 1994, changed the definition of employee contained in *N.J.S.A.* 34:15–36. It redefined "employee" to eliminate from coverage under the Act

> employees eligible under the federal "Longshore and Harbor Workers' Compensation Act," 44 Stat. 1424 (33 *U.S.C.* § 901 *et seq.*), for benefits payable with respect to accidental death or injury, or occupational disease or infection.

---

[1] Judge Dreier did not participate in this case at oral argument. He participates in this opinion with the parties' consent.

[*L.* 1994, *c.* 74, § 1.]

Prior to adoption of the amendment, there was concurrent jurisdiction under the federal and state acts requiring compensation of maritime workers for job-related injuries. *See Sun Ship, Inc. v. Pennsylvania,* 447 *U.S.* 715, 100 *S.Ct.* 2432, 65 *L.Ed.*2d 458 (1980). As a result of the amendment, a New Jersey maritime employee is limited to seeking compensation under the federal act. The issue is whether the amendment applies retroactively to bar claims under the New Jersey Act which had been filed before the amendment's effective date.

In the present cases, Street's and Serpe's petitions had been filed in 1992, two years before adoption of the amendment. The compensation judge in each case denied the employer's motions to dismiss, ruling that the amendment did not apply retroactively. The employer appeals from those rulings, and we now affirm.

The general rule of statutory construction followed by New Jersey courts favors prospective application of statutes. *Gibbons v. Gibbons,* 86 *N.J.* 515, 521, 432 *A.*2d 80 (1981). The purpose behind this rule is to give people fair notice of the laws that they are expected to follow; they cannot be expected to obey laws that have not yet been enacted. *See Id.* at 522, 432 *A.*2d 80 (citing 2 Sutherland, *Statutory Construction,* § 41.02 at 247 (4th ed.1973)); *accord Phillips v. Curiale,* 128 *N.J.* 608, 615, 608 *A.*2d 895 (1992). The presumption in favor of prospective application of statutes is strongest in criminal cases due to the constitutional prohibition against ex post facto application of penal laws that would impose "punishment for an act that was not punishable at the time it was committed, or ... additional punishment to that then prescribed." *Kendall v. Snedeker,* 219 *N.J.Super.* 283, 286–87, 530 *A.*2d 334 (App.Div.1987) (quoting *Matter of Coruzzi,* 95 *N.J.* 557, 578, 472 *A.*2d 546, *appeal dismissed,* 469 *U.S.* 802, 105 *S.Ct.* 56, 83 *L.Ed.*2d 8 (1984)).

However, this general rule of statutory construction is not to be applied "mechanistically" to every case. *Gibbons, supra,* 86 *N.J.* at 522, 432 *A.*2d 80. Our Supreme Court has articulated three

exceptions to the general rule against retroactive application of a statute: (1) when the express or implied legislative intent required retroactive application because it was "necessary to make the statute workable or to give it the most sensible interpretation"; (2) when the statute is "ameliorative or curative"; or (3) when the "expectations of the parties" warrant retroactive application. *Id.* at 522–23, 432 *A.*2d 80. Even if one of these exceptions applies, however, a statute should not be given retroactive application if it would result in "manifest injustice" to one of the parties. *Id.* at 523, 432 *A.*2d 80.

The employer contends that the first exception, legislative intent, applies. The employer argues that the Legislature expressed its intent that chapter 74 be applied retroactively when it provided that the amendment "shall take effect immediately." *L.* 1994, *c.* 74, § 2. We disagree. That language begs the question in this case, which is whether the amendment, though effective immediately, applies to claims filed prior to its effective date. *See Bunk v. Port Authority of New York & New Jersey,* 144 *N.J.* 176, 194, 676 *A.*2d 118 (1996) (noting that a provision in legislation that "it would take effect immediately" not a "clear indication of whether it was intended to apply to claims that were pending on the date of its enactment").

Chapter 74 eliminates a remedy under New Jersey's Workers' Compensation Act, thereby interfering with an antecedent right. The general rule is that courts will not give retrospective operation to such a statute absent an unequivocal expression of legislative intent to the contrary. *See Pennsylvania Greyhound Lines, Inc. v. Rosenthal,* 14 *N.J.* 372, 381, 102 *A.*2d 587 (1954) (citing *Hastings v. H.M. Byllesby & Co.,* 293 *N.Y.* 413, 57 *N.E.*2d 737, 740 (1944)); *accord, Dewey v. R.J. Reynolds Tobacco Co.,* 121 *N.J.* 69, 95, 577 *A.*2d 1239 (1990). Chapter 74 contains no expression of any intent to divest the Division of Worker's Compensation of jurisdiction over claims pending on the amendment's effective date. Because retroactive application to hundreds of pending claims would have had a severe impact on all petitioners, especial-

ly on those petitioners such as Serpe and Street, whose claims had been pending for long periods of time, we are persuaded that had the Legislature intended to effect a dismissal of those claims, it would have expressed that intent explicitly.

Under the second exception to the general rule, the term "ameliorative" refers only to criminal laws that effect a reduction in a criminal penalty. *Kendall, supra,* 219 *N.J.Super.* at 286–87, 530 *A.*2d 334. The term "curative" encompasses a wider class of statutes; it refers to acts and amendments intended to correct "inadvertence or error in the original enactment of a statute or in its administration." *Id.* at 287, 530 *A.*2d 334 (quoting 2 Sutherland, *supra,* § 41.11 at 410). Under the curative exception, an amendment to a statute may be applied retroactively if it merely carries out or explains the intent of the original statute, but does not alter the intended scope or purpose of the original act. *Id.* at 287–88, 530 *A.*2d 334.

In *Kendall, supra,* 219 *N.J.Super.* at 283, 530 *A.*2d 334, we refused to apply retroactively an amendment that eliminated the interspousal bar from the recovery scheme of the Unsatisfied Claim and Judgment Fund, thus denying relief to a passenger injured in an uninsured car driven and owned by his wife. We held that the amendment was not curative because elimination of the interspousal bar expanded the category of persons eligible to recover from the fund. *Id.* at 289–90, 530 *A.*2d 334. This was a change in the law, not an attempt to clarify or carry out the original statute. *Id.* at 290, 530 *A.*2d 334.

In explaining our refusal to apply the amendment retroactively, we criticized two Law Division opinions that failed to recognize the distinction between the terms "ameliorative" and "curative," as used in *Gibbons, supra,* 86 *N.J.* at 515, 432 *A.*2d 80. *Kendall, supra,* 219 *N.J.Super.* at 288–89, 530 *A.*2d 334. We also explained the meaning of the term "improve," as used by the *Gibbons* Court when referring to curative enactments. *Ibid.* We ruled that *Hart v. Fox,* 204 *N.J.Super.* 564, 499 *A.*2d 553 (Law Div.1985) (retroactively applying amendment that excluded from reimbursement to

county welfare agency all compensatory damages awarded for minor's personal injury), and *Cokenakes v. Ohio Cas. Ins. Co.*, 208 *N.J.Super.* 308, 505 *A.*2d 243 (Law Div.1985) (retroactively applying statute governing primacy of personal injury coverages when there is no primary insurer), both erred in invoking the curative exception for statutes that constituted clear changes in the law. *Kendall, supra,* 219 *N.J.Super.* at 288–89, 530 *A.*2d 334. We observed that in both opinions, the Law Division mistakenly invoked the curative exception merely because an amendment was deemed to have "improved" a statutory scheme. *Ibid.* Under such an expansive approach, every amendment would automatically be subject to retroactive application because the Legislature presumably seeks to "improve" the statutory scheme every time it amends a statute. *Ibid.* This would run counter to the notion of fairness that led to the presumption in favor of prospective application and to the narrowly circumscribed exceptions to the rule. *Ibid.*

In a curative exception case closely analogous to the present one, *Brown v. State Dept. of Personnel,* 257 *N.J.Super.* 84, 607 *A.*2d 1354 (App.Div.1992), plaintiff appealed from a decision denying him a veteran's preference on the competitive list for a firefighter position. The issue was whether to apply retroactively an amendment to the veteran's preference statute that added to the definition of "veteran" persons who had participated in the Lebanon, Grenada, Panama, and Desert Storm missions. *Id.* at 85, 607 *A.*2d 1354. We held that the amendment was not curative because it did not clarify, improve, or correct a misapplication of the original law. *Id.* at 90, 607 *A.*2d 1354. Rather, it "created a new class of veterans with substantive rights that did not previously exist." *Ibid.*

Applying these principles to the present case, we conclude that chapter 74 is not curative.

Petitioner Street subpoenaed and presented the testimony of John Kearns, Jr. Kearns was senior vice-president of risk management for Maher Terminals, a maritime employer. Kearns testi-

fied that he had chaired a group titled The New Jersey Coalition of Maritime Employers (Coalition). The Coalition's objective was to induce the Legislature to exclude longshoremen's compensation claims from coverage under New Jersey Workers' Compensation Act and to shift those claims exclusively to compensation under the federal act. To achieve this objective, the Coalition hired a lobbyist.

Kearns drafted the bill that became chapter 74. The bill was adopted as Kearns had drafted it, with one exception: chapter 74 contains the word "infection" which Kearns had not included in his draft. Kearns testified that the lobbyist advised the Coalition that the bill would not pass if the union, the International Longshoremen's Association, opposed it. According to Kearns, he procured the ILA's approval, or at least its neutrality. Consequently, the bill passed.

Kearns also testified regarding the retroactivity issue. Kearns did not discuss retroactivity with the union leaders because he "didn't think it was going to be retroactive." Kearns estimated that prior to the adoption of the bill approximately 1,500 longshoremen lung cases were pending in the New Jersey Division of Workers' Compensation. According to Kearns, the union would have "killed" the bill if its effect would have been dismissal of the pending cases. Kearns stated that neither he nor the Coalition intended that the amendment be applied retroactively to pending cases.

Although Kearns' testimony has no legal significance regarding the Legislature's intent in adopting chapter 74, it does have some historical value regarding the third exception to the general rule of prospective applications. The third exception considers the parties' expectations.

We are persuaded that the expectations of the parties do not warrant retroactive application of the amendment. To the contrary, petitioners, whose claims had been pending for two years before adoption of the amendment, would have a legitimate expectation that those claims would be resolved under New Jersey's

compensation law, and that they would be spared the burden, that is, the injustice, of refiling their claims in the federal system.

The employer also contends that petitioners did not carry their burden of proof regarding disability. This contention is without merit. The compensation judge's findings are supported by sufficient credible evidence in the record. *Close v. Kordulak Bros.*, 44 *N.J.* 589, 599, 210 *A.*2d 753 (1965).

Affirmed.