700 A.2d 390

MARIA AND SOLY SERRANO, PLAINTIFFS–APPELLANTS, v.
JOHN C. GIBSON, DEFENDANT–RESPONDENT, AND EDGAR
SERRANO AND JOHN DOE (NAME BEING FICTITIOUS), DE-
FENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted September 9, 1997—Decided September 23, 1997.

Before Judges PRESSLER, CONLEY and WALLACE.

*Carl H. Hadigian,* attorney for appellants (*Mr. Hadigian,* on the letter brief).

*Zucker, Facher and Zucker,* attorneys for respondent John C. Gibson (*Roger C. Wilson,* on the letter brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

In *Chatman v. Hall,* 128 *N.J.* 394, 419–20, 608 *A.*2d 263 (1992), the Supreme Court reaffirmed that the ninety-day notice requirement of the Tort Claims Act was not applicable to claims against public employees. *See Williams v. Adams,* 189 *N.J.Super.* 196, 198–99, 459 *A.*2d 707 (Law Div.1983); *Lutz v. Semcer,* 126 *N.J.Super.* 288, 300, 314 *A.*2d 86 (Law Div.1974). Effective June 23, 1994, *N.J.S.A.* 59:8–3 and *N.J.S.A.* 59:8–8 were amended to subject such claims to that notice requirement. *L.* 1994, c. 49, §§ 2, 4 (1994 amendments).[1] As stated in the accompanying Senate Judiciary Committee's Statement, the amendments were "intended to reverse the *Chatman* ruling...." Plaintiffs' negligence

---

[1] As amended, *N.J.S.A.* 59:8–3 provides that "[n]o action shall be brought against a public entity or *public employee* under this act unless the claim upon which it is based shall have been presented in accordance with the procedure set forth in this chapter." (Emphasis added). Similarly, *N.J.S.A.* 59:8–8 barring tort claims where the ninety-day notice has not been given (subject to the one-year late filing provisions of *N.J.S.A.* 59:8–9) was amended to expressly apply to public employees as well as public employers.

claim here arises from an automobile accident involving a Township of Hillside snow plow operated by a township employee. The accident occurred before the 1994 amendments. Suit against the public employee was filed within the two-year statute of limitations but after expiration of the ninety-day notice requirement. The complaint was ultimately dismissed for failure to comply with *N.J.S.A.* 59:8–8, as amended. The issue before us is whether the 1994 amendments apply retroactively to plaintiffs' cause of action. We conclude they do not and reverse.

The procedural posture of the issue is somewhat complicated by plaintiffs' failed attempt to sue the township. The accident occurred on February 11, 1994. At that time, plaintiffs were passengers in a vehicle driven by Edgar Serrano. The other vehicle was the township's snow plow which defendant Gibson was operating in the course of his employment. Although the record is less than clear, it seems that a month or two after the expiration of the ninety-day notice period, plaintiffs' attorney attempted to file a complaint against both the township and Gibson. It is not clear whether a complaint was actually filed. It may have been attached to plaintiffs' motion to file a late notice of claim that was filed in June or July of 1994. That motion was denied as to the township and an order to that effect was filed July 26, 1994. We are told that counsel's subsequent motion for reconsideration was denied by the motion judge on September 9, 1994. The record before us contains neither that motion nor an order denying it. In any event, counsel did not appeal the denial of his motion to file a late notice.

On January 31, 1996, plaintiffs filed a new complaint against both the driver of the vehicle in which they were passengers, Edgar Serrano, and Gibson.[2] The township was not a party. In granting defendant Gibson's motion to dismiss based upon

---

[2] The order of dismissal before us pertains only to Gibson. The record does not reflect what, if anything, remains against plaintiffs' driver, Edgar Serrano. This appeal may, therefore, be interlocutory. If so, we grant leave to appeal *nunc pro tunc.*

*N.J.S.A.* 59:8–8, the motion judge seems to have considered both the 1994 amendments and the prior unsuccessful attempt to file a late claim against the township. As to the amendments, she said: "I think it's very clear that they were seeking to shore this up or plug this up, . . . and to allow this action to now be brought after the passing of that legislation, doesn't make sense. . . ." When counsel queried whether this analysis was premised upon a conclusion that the 1994 amendments applied retroactively to claims that had accrued prior to its effective date, the court said:

> I have no idea, you know, what you actually said. I'm just telling you that as far as I'm concerned that this case is dismissed with prejudice. *I'm satisfied that it was the intent of the Legislature not to allow actions based upon the circumstances of this case to move forward where you've already filed a notice of intention—or a request to be able to file a late notice of intention against the municipality and the employee, and requested a hearing before the court* under some procedure which I do not understand, which occurred in '94, before Judge Hague, where Judge Hague ruled that the matter was out of time and that the matter could not move forward.
>
> And, I don't know exactly what you call what it is that happened, but nevertheless, *I'm satisfied that that precluded this matter from moving forward at this time, when I take it together with the legislative intent as expressed in the Statute which was enacted in June of '94,* and therefore I am dismissing.
>
> [Emphasis added.]

We disagree. First, we do not believe the prior procedural posturing as to the township has any impact upon plaintiffs' complaint against Gibson. Second, and more importantly, we do not believe the 1994 amendments apply retroactively so as to preclude a claim against a public employee that had accrued prior to June 23, 1994.

At the outset, we suspect that the motion judge's application of the amendments to plaintiffs' January 1996 complaint may have been premised upon the general notion that courts will apply the law in effect at the time of a decision. *Phillips v. Curiale,* 128 *N.J.* 608, 615–16, 608 *A.*2d 895 (1992); *Parsippany Hills Associates v. Rent Leveling Bd. of Parsippany–Troy Hills Tp.,* 194 *N.J.Super.* 34, 476 *A.*2d 271 (App.Div.), *certif. denied,* 97 *N.J.* 643, 483 *A.*2d 169 (1984). Plaintiffs' cause of action accrued on the day of the accident and, hence, under the law as it then existed.

Applying the law in effect as of the motion decision, therefore, results in a retroactive application of the new law.

■ It is well settled, however, that retroactive applications of changes in the law are not generally favored. *Phillips v. Curiale, supra,* 128 *N.J.* at 615, 608 *A.*2d 895; *Gibbons v. Gibbons,* 86 *N.J.* 515, 521, 432 *A.*2d 80 (1981) ("it is a fundamental principle of jurisprudence that retroactive application of new laws involves a high risk of being unfair." *Id.* at 522, 432 *A.*2d 80). "There is general consensus among all people that notice or warning of the rule should be given in advance of the actions whose effects are to be judged by them. The hackneyed maxim that everyone is held to know the law, itself a principle of dubious wisdom, nevertheless presupposes that the law is at least susceptible of being known. But this is not possible concerning law that has yet to exist." 2 *Sutherland, Statutory Construction,* § 41.02, at 341 (5th ed.1992).

Here, not only at the time of the accident, but during the critical subsequent ninety-day period, the notice obligations of *N.J.S.A.* 59:8–3 and *N.J.S.A.* 59:8–8, which now must be met during that time period as to public employees, did not exist. Plaintiffs could not have known they could lose their then viable cause of action against Gibson by not complying with the notice provisions that would be triggered by subsequent legislation.

■ There are three circumstances where retroactive application of a statute may be warranted. *Phillips v. Curiale, supra,* 128 *N.J.* at 617–18, 608 *A.*2d 895; *Gibbons v. Gibbons, supra,* 86 *N.J.* at 522, 432 *A.*2d 80. Retroactive application is required, first, where legislative intent expressly or impliedly so states. *Gibbons v. Gibbons, supra,* 86 *N.J.* at 522, 432 *A.*2d 80. A statute may be applied retroactively, second, if it is ameliorative or curative in nature. *Id.* at 523, 432 *A.*2d 80. *See In re D.C.,* 146 *N.J.* 31, 51, 679 *A.*2d 634 (1996). Third, fulfillment of the parties' reasonable expectations may require a statute's retroactive application. *Gibbons, supra,* 86 *N.J.* at 523, 432 *A.*2d 80; *see* 2 *Sutherland, supra,* § 41.05, at 370 ("settled expectations honestly arrived at with respect to substantial interests ought not to be defeated."). Even

if one of these exceptions applies, a statute will not be given retroactive application if it would result in "manifest injustice" to one of the parties. *Street v. Universal Maritime*, 300 *N.J.Super.* 578, 581, 693 *A.*2d 535 (App.Div.1997).

■ As to the parties' reasonable expectations, we have already pointed out that at the time of the accident and during the critical ninety-day time frame, none of the parties could have anticipated that plaintiffs' then viable claim against Gibson would have been wiped out by a subsequent change in the law. Indeed, when the notice to file a late claim was brought, the sole focus was upon the township. Given the then law, Gibson could not have had a reasonable expectation of that the ninety-day notice could be relied upon. Certainly plaintiffs could not have anticipated that their cause of action would be lost through noncompliance.

As to the second circumstance justifying retroactive application, we do not perceive the 1994 amendments as merely curative or ameliorative. Under the curative exception to prospective applicability, a new law is given retroactive effect "if it is designed merely to carry out or explain the intent of the original statute." *Nelson v. Board of Educ.*, 148 *N.J.* 358, 370, 689 *A.*2d 1342 (1997). *And see In re D.C., supra*, 146 *N.J.* at 51, 679 *A.*2d 634 ("[t]he purpose of a curative amendment is merely to 'remedy a perceived imperfection in or misapplication of a statute.' " (Citation omitted)). The Legislature's intent here could not have been plainer:

> This bill is intended to *reverse* the Chatman ruling and to *amend* the Torts Claims Act to *extend* to public employers the same degree of immunity that the TCA grants to public entities. The bill would also *make any notice requirements* under the Tort Claims Act *applicable* to both public entities and public employees.
> [Senate Judiciary Committee's Statement to Assembly Bill No. 226 (Emphasis added).]

The terms "reverse," "amend," "extend," "make any notice requirements . . . applicable" are not curative or ameliorative terms. The amendments were not to cure some ambiguity in the law or to clarify what had been intended. Prior to 1994, *N.J.S.A.* 59:8-3 and *N.J.S.A.* 59:8-8, by their express terms, applied only to public employers. This was recognized to be so even before *Chatman*.

*See Williams v. Adams, supra,* 189 *N.J.Super.* at 198–99, 459 *A.*2d 707; *Lutz v. Semcer, supra,* 126 *N.J.Super.* at 300, 314 *A.*2d 86. The 1994 amendments changed that prior law.

Finally, there is nothing in the amendments which expresses any intent to preclude claims that had already accrued. *See Dewey v. R.J. Reynolds Tobacco Co.,* 121 *N.J.* 69, 95, 577 *A.*2d 1239 (1990) ("a statute [that] changes the settled law and relates to substantive rights is prospective only, unless there is an *unequivocal* expression of contrary legislative intent."); *Street v. Universal Maritime, supra,* 300 *N.J.Super.* at 581–82, 693 *A.*2d 535 ("[b]ecause retroactive application to hundreds of pending claims would have had a severe impact on all petitioners ... whose claims had been pending for long periods of time, we are persuaded that had the Legislature intended to effect a dismissal of those claims, it would have expressed that intent explicitly."). Moreover, when the Tort Claims Act itself was first enacted, the expressed intent of the Legislature was for prospective application. *See N.J.S.A.* 59:12–3. We can not perceive that a different approach would have been intended as to the 1994 amendments. *Accord Dunn v. Borough of Mountainside,* 301 *N.J.Super.* 262, 276, 693 *A.*2d 1248 (App.Div.1997); *Randazzo v. Township of Washington,* 286 *N.J.Super.* 215, 219 n. 1, 668 *A.*2d 1083 (App.Div. 1995).[3]

---

[3] In this respect, we take note of the recent decision in *Cornblatt v. Barow,* 303 *N.J.Super.* 81, 696 *A.*2d 65 (App.Div.1997), *pet. for certif. pending* (1997). That opinion addresses the application of *N.J.S.A.* 2A:53A–26 to –29, requiring an "affidavit of merit," as a prerequisite for malpractice actions, to malpractice causes of action that accrued prior to its effective date. The opinion, in *dicta,* holds that the new requirement applies to a complaint filed after its effective date even if the underlying cause of action accrued prior to the enactment. 303 *N.J.Super.* at 92, 696 *A.*2d 65. The analysis does not discuss the general principles of prospective /retroactive application of new laws. By its terms, the "affidavit of merit" amendment was made expressly effective "to causes of action which *occur* on or after the effective date...." (Emphasis added). The panel in *Cornblatt* saw a critical distinction between the use of the term "occur," as opposed to "accrue," and construed "occur" to refer to the filing of complaints after the effective date of the amendment, as opposed to accrual of the underlying cause of action. Whether we agree or disagree with this analysis, the

Reversed and remanded for reinstatement of plaintiffs' complaint and further proceedings consistent with this opinion.

---

amendments to *N.J.S.A.* 59:8–3 and *N.J.S.A.* 59:8–8 contain no comparable language. We view *Cornblatt* as an effort, rightly or wrongly, to avoid the "slippery doctrine of retroactivity" and simply determine "whether by the very terms of its enactment, the Legislature itself applied the legislation to a given situation...." thus, not "muddy[ing] the already—murky waters of retroactivity analysis." *Phillips v. Curiale, supra,* 128 *N.J.* at 630, 608 *A.2d* 895. (Clifford, J. dissenting).