**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0809-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAQUAN B. FRANK,
a/k/a RA'QUAN FRANK,

    Defendant-Appellant.

_____

        Submitted October 6, 2021 – Decided December 1, 2021

        Before Judges Fuentes and Gilson.

        On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-03-0734.

        Joseph E. Krakora, Public Defender, attorney for appellant (Laura B. Lasota, Assistant Deputy Public Defender, of counsel and on the brief).

        Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Frank J. Ducoat, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This appeal presents one issue:  whether N.J.S.A. 2C:44-1(b)(14), which added a new mitigating factor for crimes committed by persons under the age of twenty-six, should be applied retroactively to require the resentencing of a defendant sentenced before the mitigating factor was added.  We hold that it does not.  Accordingly, we affirm defendant's sentence that was imposed in 2017, more than three years before mitigating factor fourteen was added in 2020.

## I.

In the early morning of March 29, 2015, T.T. was shot and killed as he left a lounge in Newark.[1]  Approximately a year later, in March 2016, defendant Raquan Frank was indicted for the murder of T.T.  The indictment charged defendant with first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:15-1; first-degree felony murder, N.J.S.A. 2C:11-3(a)(3); and three weapons offenses.

In February 2017, defendant pled guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), as an amended charge to the charge of murder, and second-degree conspiracy to commit robbery.  In pleading guilty, defendant admitted that he conspired with another adult and two juveniles to rob

---

[1]  We use initials to protect the privacy interests of the victim's family.

patrons as they were leaving the lounge. He also admitted that he was armed with a handgun, he fired his gun at people leaving the lounge, and his actions had a high probability of causing someone to be shot. Defendant was eighteen years old at the time that he committed those crimes.

At sentencing on March 31, 2017, the court imposed the recommended sentence that had been negotiated by the State in exchange for defendant's guilty pleas. On the aggravated manslaughter conviction, defendant was sentenced to twelve years in prison with eighty-five percent of that term ineligible for parole as prescribed by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Defendant was also sentenced to a concurrent term of ten years in prison for the conviction of conspiracy to commit robbery. Both those sentences were run concurrent to a separate sentence for a weapons conviction that defendant was already serving.

In imposing the sentence, the court found three aggravating factors: factor three, the risk of re-offense, N.J.S.A. 2C:44-1(a)(3); factor six, defendant's criminal history, N.J.S.A. 2C:44-1(a)(6); and factor nine, the need to deter, N.J.S.A. 2C:44-1(a)(9). In finding those aggravating factors, the court noted defendant had a "significant" history of being adjudged delinquent as a juvenile

3

and that as an adult he had already been convicted of a separate weapons offense. The court found no mitigating factors.

Defendant did not appeal from his convictions or sentence. Instead, two years after he was sentenced, in February 2019, defendant moved to reduce his sentence under Rule 3:21-10(a). Defendant argued that he had matured since committing his crimes and that he had benefitted from various rehabilitative programs during his incarceration. In an order issued on April 11, 2019, the trial court denied defendant's motion to reduce his sentence, finding that he had not met the standards under Rule 3:21-10(a) and (b). Defendant appealed from that order.

While that appeal was pending, defendant's judgment of conviction was amended on April 28, 2020, to correct the jail and gap time credited to defendant. Thereafter, we granted defendant's motion to amend his notice of appeal to include an appeal from the amended judgment of conviction.

## II.

On this appeal, defendant focuses his arguments on the sentence that was imposed on him in March 2017. He contends that the matter should be remanded for resentencing so that the court can consider mitigating factor fourteen, which

A-0809-19

was enacted more than three years after defendant was sentenced. Defendant articulates his arguments as follows:

> POINT I – THE LAW REQUIRING SENTENCING MITIGATION FOR YOUTHFUL DEFENDANTS DEMANDS RETROACTIVE APPLICATION BECAUSE THE LEGISLATURE INTENDED IT, THE NEW LAW IS AMELIORATIVE IN NATURE, THE SAVINGS STATUTE IS INAPPLICABLE, AND FUNDAMENTAL FAIRNESS REQUIRES RETROACTIVITY.
>
> A. The Legislature Intended Retroactive Application.
>
> > 1. The Legislature Did Not Express a Clear Intent for Prospective Application.
> >
> > 2. The Other Language of the Statute Establishing the Mitigating Factor Indicates Retroactive Application; the Presumption of Prospective Application is Inapplicable; and the Law is Clearly Ameliorative.
> >
> > 3. There is No Manifest Injustice to the State in Applying the Mitigating Factor Retroactively.
>
> B. The Savings Statute Does Not Preclude Retroactive Application Of Ameliorative Legislative Changes Like The One At Issue Here.
>
> C. Retroactive Application Of The Mitigating Factor Is Required As A Matter Of Fundamental Fairness.

5

Initially, we clarify the issue on this appeal. Defendant did not file a timely notice of appeal from his sentence imposed in March 2017. Instead, he moved to reduce his sentence and appealed from the April 11, 2019 order denying that motion. We did grant defendant's motion to appeal from the amended judgment of conviction that was entered on April 28, 2020.

The argument presented on this appeal relates to defendant's original sentence imposed on March 31, 2017. Nevertheless, we will consider defendant's arguments on the merits. We do so, however, in the procedural context where defendant did not seek the retroactive application of mitigating factor fourteen while he had a pending appeal. Instead, defendant is seeking a remand for resentencing more than three years after his sentence became final and the Legislature added mitigating factor fourteen.

On October 19, 2020, the Legislature passed, and the Governor signed into law, several recommendations of the Criminal Sentencing and Disposition Commission. See L. 2020, c. 106; L. 2020, c. 109; L. 2020, c. 110. One of the new laws added a new mitigating factor for a court to consider in imposing a criminal sentence. L. 2020, c. 110. Specifically, mitigating factor fourteen was added so that a court "may properly consider" the mitigating circumstance that

"defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14).

The question of whether a newly enacted law applies retroactively "is a pure legal question of statutory interpretation" based on legislative intent. State v. J.V., 242 N.J. 432, 442 (2020), as revised (June 12, 2020) (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). "To determine the Legislature's intent, we look to the statute's language and give those terms their plain and ordinary meaning." Id. at 442 (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). If the language of the statute clearly reflects the Legislature's intent, then courts apply the law as written, affording the terms their plain meaning. Ibid. If the language is ambiguous, "we may resort to 'extrinsic interpretative aids, including legislative history,' to determine the statute's meaning." Id. at 443 (quoting State v. S.B., 230 N.J. 62, 68 (2017)).

"When the Legislature does not clearly express its intent to give a statute prospective application, a court must determine whether to apply the statute retroactively." Ibid. (quoting Twiss v. Dep't of Treasury, 124 N.J. 461, 467 (1991)). When considering criminal laws, courts presume that the Legislature intended them to have prospective application only. Ibid. Consistent with the presumption in favor of prospective application, the savings statute also

A-0809-19

"establishes a general prohibition against retroactive application of penal laws." State v. Chambers, 377 N.J. Super. 365, 367 (App. Div. 2005); see also N.J.S.A. 1:1-15.

Our Supreme Court has recognized three exceptions to the presumption of prospective application of statutes. J.V., 242 N.J. at 444. Those exceptions apply when:

> (1) the Legislature provided for retroactivity expressly, either in the language of the statute itself or its legislative history, or implicitly, by requiring retroactive effect to "make the statute workable or to give it the most sensible interpretation"; (2) "the statute is ameliorative or curative"; or (3) the parties' expectations warrant retroactive application.
>
> [Ibid. (quoting Gibbons v. Gibbons, 86 N.J. 515, 522-23 (1981)).]

An ameliorative statute "refers only to criminal laws that effect a reduction in a criminal penalty." Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 196 (App. Div. 2019) (quoting Street v. Universal Mar., 300 N.J. Super. 578, 582 (App. Div. 1997)). To be afforded retroactive application, an ameliorative statute "must be aimed at mitigating a legislatively perceived undue severity in the existing criminal law." State in the Interest of J.F., 446 N.J. Super. 39, 55 (App. Div. 2016) (quoting Kendall v. Snedeker, 219 N.J. Super. 283, 286 n. 1 (App. Div. 1987)).

A-0809-19

A curative change to a statute is limited to actions that "remedy a perceived imperfection in or misapplication of a statute." Pisack v. B & C Towing, Inc., 240 N.J. 360, 371 (2020) (quoting James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 564 (2014)). A curative change does not "alter the act in any substantial way, but merely clarifie[s] the legislative intent behind the [previous] act." Ibid. (alterations in original) (quoting James, 216 N.J. at 564).

N.J.S.A. 2C:44-1(b)(14) is not curative because it did not remedy an imperfection; rather, it added a new mitigating factor based on new concerns regarding youthful offenders. See L. 2020, c. 110. Moreover, while the new mitigating factor is ameliorative, the Legislature stated that the statute was to "take effect immediately," L. 2020, c. 110, thereby signaling that it was not to be given retroactive effect.

In two recent decisions, our Supreme Court held that statutes that have an immediate or future effective date evidence the Legislature's intent to afford prospective application only. See Pisack, 240 N.J. at 370 (statute "take[s] effect immediately" on the day it is signed into law); J.V., 242 N.J. at 435 (statute applies in the future when effective date is after date of statute's enactment). In J.V., the Court explained that "[h]ad the Legislature intended an earlier date for the law to take effect, that intention could have been made plain in the very

section directing when the law would become effective." 242 N.J. at 445 (quoting James, 216 N.J. at 568). Because we presume that the Legislature was aware of the judicial construction of its statutes, N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n.6 (2002), we assume the Legislature was aware of Pisack (issued on Jan. 16, 2020) and J.V. (issued on June 12, 2020), both of which were issued before the enactment of N.J.S.A 2C:44-1(b)(14) on October 19, 2020.

Moreover, the Legislature did not express any intent for the statute to be applied retroactively. Silence on the question of retroactivity may be "akin to a legislative flare, signaling to the judiciary that prospective application is intended." Olkusz v. Brown, 401 N.J. Super. 496, 502 (App. Div. 2008). Accordingly, because defendant was sentenced in 2017, well before mitigating factor fourteen was added, he is not entitled to a resentencing based purely on that mitigating factor.

Our holding in that regard is consistent with the published cases that have addressed whether mitigating factor fourteen should be applied retroactively. We have discussed whether mitigating factor fourteen should be applied retroactively in two published opinions. See State v. Bellamy, 468 N.J. Super. 29 (App. Div. 2021); State v. Tormasi, 466 N.J. Super. 51 (App. Div. 2021).

In Tormasi, we held that the adoption of mitigating factor fourteen does not provide a basis to grant a new sentencing hearing because the factor related to the weight of the sentencing, which is a matter of excessiveness, not legality. 466 N.J. Super. at 67.  In Bellamy, we held that when there is an independent basis to order a new sentencing hearing, mitigating factor fourteen should be applied in the new sentencing proceedings.  468 N.J. Super. at 47-48.  We explained:

> This is not intended to mean cases in the pipeline in which a youthful defendant was sentenced before October 19, 2020, are automatically entitled to a reconsideration based on the enactment of the statute alone.  Rather, it means where, for a reason unrelated to the adoption of the statute, a youthful defendant is resentenced, he or she is entitled to argue the new statute applies.
>
> [Id. at 48.]

Here, defendant has not argued that there is any independent basis unrelated to mitigating factor fourteen warranting a resentencing.  Moreover, pipeline retroactivity does not apply to defendant's case because he did not seek retroactive application of mitigating factor fourteen while he had a pending appeal. See State v. G.E.P., 234 N.J. 362, 370 (2020) (pipeline retroactivity refers to the retroactive application of a new law to a case in the direct appeal process when the new law became effective).  As defendant was sentenced in

11

March 2017, we hold that he is not entitled to a resentencing based on the addition of mitigating factor fourteen, which was made effective on October 19, 2020.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0809-19