**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2146-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TOMAS DELEON,

    Defendant-Appellant.

_____

Submitted September 29, 2021 – Decided December 6, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 19-02-0253 and 19-04-0537.

Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel; Catherine A. Foddai, Legal Assistant, on the brief).

PER CURIAM

This appeal presents one issue: whether N.J.S.A. 2C:44-1(b)(14), which added a new mitigating factor for crimes committed by persons under the age of twenty-six, should be applied retroactively to require the resentencing of a defendant sentenced before the mitigating factor was added. We hold that it does not. Accordingly, we affirm defendant's sentence that was imposed in December 2019 before mitigating factor fourteen was added in October 2020.

I.

On October 31, 2018, a police officer attempted to arrest defendant on an outstanding warrant and ordered him to stop his car. Defendant disregarded the officer's order and, as he was fleeing, struck the officer and another person with the car. In a separate incident, on March 17, 2019, another police officer, acting on a report of a stolen vehicle, ordered defendant to stop his car. Defendant disregarded that order and sped away, at times driving over one hundred miles per hour. He eventually struck another vehicle, causing injury to a person riding in it.

Defendant was indicted separately for each incident. On February 27, 2019, defendant was indicted for the October 2018 incident and charged with fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2); third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a); second-degree eluding, N.J.S.A. 2C:29-2(b);

third-degree aggravated assault of a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a); and second-degree aggravated assault in the course of eluding, N.J.S.A. 2C:12-1(b)(6).  On April 24, 2019, defendant was indicted for the March 2019 incident and charged with second-degree eluding, N.J.S.A. 2C:29-2(b); second-degree aggravated assault in the course of eluding, N.J.S.A. 2C:12-1(b)(6); third-degree burglary, N.J.S.A. 2C:18-2(a)(1); and third-degree theft, N.J.S.A. 2C:20-3(a).

On September 30, 2019, pursuant to a negotiated plea agreement, defendant pleaded guilty on the first indictment to second-degree eluding, N.J.S.A. 2C:29-2(b), and third-degree aggravated assault of a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a), and on the second indictment to second-degree eluding, N.J.S.A. 2C:29-2(b), and second-degree aggravated assault in the course of eluding, N.J.S.A. 2C:12-1(b)(6).  In pleading guilty, defendant admitted that in both incidents the police officers had ordered him to stop his car, he responded by fleeing, and he struck others with his car while he was attempting to elude apprehension.  Defendant was twenty-three years old at the time he committed these crimes.

At the December 6, 2019 sentencing hearing, the court imposed the recommended sentence that had been negotiated by the State in exchange for

defendant's guilty pleas. In connection with the October 2018 incident, defendant was sentenced on the eluding conviction to seven years in prison and on the aggravated-assault conviction to a concurrent three-year term. In connection with the March 2019 incident, defendant was sentenced on the eluding conviction to seven years in prison and on the aggravated-assault-in-the-course-of-eluding conviction to a concurrent seven-year term, eighty-five percent to be served without parole, with three years of parole supervision. The result was an aggregate term of seven years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The sentences resulting from both indictments were made to run concurrent to each other and concurrent to any sentences that might be imposed on a violation of probation.

In imposing the sentences on defendant, the court found three aggravating factors: factor three, the risk of re-offense, N.J.S.A. 2C:44-1(a)(3); factor six, defendant's criminal history, N.J.S.A. 2C:44-1(a)(6); and factor nine, the need to deter, N.J.S.A. 2C:44-1(a)(9). In finding those aggravating factors, the court noted defendant had "a long history of substance abuse" and "multiple prior indictable convictions at a very young age." The court gave "some weight" to mitigating factor eleven, the imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents, N.J.S.A.

4 <span>A-2146-19</span>

2C:44-1(b)(11), specifically defendant's four-year old son. The court found the aggravating factors substantially outweighed the mitigating factors.

On January 17, 2020, the court issued amended Judgments of Conviction to clarify that the sentences imposed on the two indictments were to run concurrent to any sentence imposed for violations of probation and to any Drug Court sentence. Defendant appeals from the amended Judgments of Conviction.

On appeal, defendant focuses his argument solely on the sentences imposed on him on December 6, 2019. Defendant submits he is entitled to a resentence given the Legislature's amendment of N.J.S.A. 2C:44-1(b) to include youth as a mitigating factor to be applied to defendants under the age of twenty-six at the time of their crimes. Defendant articulates his argument as follows:

> POINT I
>
> DEFENDANT SHOULD BE RESENTENCED IN LIGHT OF THE NEWLY ENACTED AGE RELATED MITIGATING FACTOR.

II.

On October 19, 2020, the Legislature passed, and the Governor signed into law, several recommendations of the Criminal Sentencing and Disposition Commission. See L. 2020, c. 106; L. 2020, c. 109; L. 2020, c. 110. One of the new laws added a new mitigating factor for a court to consider in imposing a

criminal sentence.  L. 2020, c. 110.  Specifically, mitigating factor fourteen was added so that a court "may properly consider" the mitigating circumstance that "defendant was under 26 years of age at the time of the commission of the offense."  N.J.S.A. 2C:44-1(b)(14).

The question of whether a newly enacted law applies retroactively "is a purely legal question of statutory interpretation" based on legislative intent. State v. J.V., 242 N.J. 432, 442 (2020), as revised (June 12, 2020) (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)).  "To determine the Legislature's intent, we look to the statute's language and give those terms their plain and ordinary meaning."  Id. at 442 (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)).  If the language of the statute clearly reflects the Legislature's intent, then courts apply the law as written, affording the terms their plain meaning.  Ibid.  If the language is ambiguous, "we may resort to 'extrinsic interpretative aids, including legislative history,' to determine the statute's meaning."  Id. at 443 (quoting State v. S.B., 230 N.J. 62, 68 (2017)).

"When the Legislature does not clearly express its intent to give a statute prospective application, a court must determine whether to apply the statute retroactively."  Ibid.  (quoting Twiss v. Dep't of Treasury, 124 N.J. 461, 467 (1991)).  When considering criminal laws, courts presume that the Legislature

intended them to have prospective application only. Ibid. Consistent with the presumption in favor of prospective application, the savings statute also "establishes a general prohibition against retroactive application of penal laws." State v. Chambers, 377 N.J. Super. 365, 367 (App. Div. 2005); see also N.J.S.A. 1:1-15.

Our Supreme Court has recognized three exceptions to the presumption of prospective application of statutes. J.V., 242 N.J. at 444. Those exceptions apply when:

> (1) the Legislature provided for retroactivity expressly, either in the language of the statute itself or its legislative history, or implicitly, by requiring retroactive effect to "make the statute workable or to give it the most sensible interpretation"; (2) "the statute is ameliorative or curative"; or (3) the parties' expectations warrant retroactive application.
>
> [Ibid. (quoting Gibbons v. Gibbons, 86 N.J. 515, 522-23 (1981)).]

An ameliorative statute "refers only to criminal laws that effect a reduction in a criminal penalty." Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 196 (App. Div. 2019) (quoting Street v. Universal Mar., 300 N.J. Super. 578, 582 (App. Div. 1997)). To be afforded retroactive application, an ameliorative statute "must be aimed at mitigating a legislatively perceived undue severity in the existing criminal law." State in the Interest of J.F., 446 N.J.

7

Super. 39, 55 (App. Div. 2016) (quoting Kendall v. Snedeker, 219 N.J. Super. 283, 286 n.1 (App. Div. 1987)).

A curative change to a statute is limited to actions that "remedy a perceived imperfection in or misapplication of a statute." Pisack v. B & C Towing, Inc., 240 N.J. 360, 371 (2020) (quoting James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 564 (2014)). A curative change does not "alter the act in any substantial way, but merely clarifie[s] the legislative intent behind the [previous] act." Ibid. (alterations in original) (quoting James, 216 N.J. at 564).

N.J.S.A. 2C:44-1(b)(14) is not curative because it did not remedy an imperfection; rather, it added a new mitigating factor based on new concerns regarding youthful offenders. See L. 2020, c. 110. Moreover, while the new mitigating factor is ameliorative, the Legislature stated that the statute was to "take effect immediately," L. 2020, c. 110, thereby signaling that it was not to be given retroactive effect.

In two recent decisions, our Supreme Court held that statutes that have an immediate or future effective date evidence the Legislature's intent to afford prospective application only. See Pisack, 240 N.J. at 370 (statute "take[s] effect immediately" on the day it is signed into law); J.V., 242 N.J. at 435 (statute applies in the future when effective date is after date of statute's enactment). In

J.V., the Court explained that "[h]ad the Legislature intended an earlier date for the law to take effect, that intention could have been made plain in the very section directing when the law would become effective." 242 N.J. at 445 (quoting James, 216 N.J. at 568). Because we presume that the Legislature was aware of the judicial construction of its statutes, N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n.6 (2002), we assume the Legislature was aware of Pisack (issued on Jan. 16, 2020) and J.V. (issued on June 12, 2020), both of which were issued before the enactment of N.J.S.A 2C:44-1(b)(14) on October 19, 2020.

Moreover, the Legislature did not express any intent for the statute to be applied retroactively. Silence on the question of retroactivity may be "akin to a legislative flare, signaling to the judiciary that prospective application is intended." Olkusz v. Brown, 401 N.J. Super. 496, 502 (App. Div. 2008). Accordingly, because defendant was sentenced in 2019, before mitigating fourteen was added, he is not entitled to a resentencing based purely on that mitigating factor.

Our holding in that regard is consistent with the published cases that have addressed whether mitigating factor fourteen should be applied retroactively. We have discussed whether mitigating factor fourteen should be applied

retroactively in two published opinions. See State v. Bellamy, 468 N.J. Super. 29 (App. Div. 2021); State v. Tormasi, 466 N.J. Super. 51 (App. Div. 2021).

In Tormasi, we held that the adoption of mitigating factor fourteen does not provide a basis to grant a new sentencing hearing because the factor related to the weight of the sentencing, which is a matter of excessiveness, not legality. 466 N.J. Super. at 67. In Bellamy, we held that when there is an independent basis to order a new sentencing hearing, mitigating factor fourteen should be applied in the new sentencing proceedings. 468 N.J. Super. at 47-48. We explained:

> This is not intended to mean cases in the pipeline in which a youthful defendant was sentenced before October 19, 2020, are automatically entitled to a reconsideration based on the enactment of the statute alone. Rather, it means where, for a reason unrelated to the adoption of the statute, a youthful defendant is resentenced, he or she is entitled to argue the new statute applies.
>
> [Id. at 48.]

Here, defendant has not argued that any independent basis unrelated to mitigating factor fourteen warrants a resentencing. Because defendant was sentenced on December 6, 2019, we hold that he is not entitled to a resentencing based on the addition of mitigating factor fourteen, which was made effective on October 19, 2020.

A-2146-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2146-19