**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3831-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EVAN SIEMASKO, a/k/a
EVAN JAMES SIEMASKO,

     Defendant-Appellant.

_____

Submitted November 17, 2021 – Decided December 6, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Indictment No. 20-02-0058.

Joseph E. Krakora, Public Defender, attorney for appellant (Al Glimis, Designated Counsel, on the brief).

James L. Pfeiffer, Warren County Prosecutor, attorney for respondent (Dit Mosco, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

This appeal presents one issue: whether N.J.S.A. 2C:44-1(b)(14), which added a new mitigating factor for crimes committed by persons under the age of twenty-six, should be applied retroactively to require the resentencing of a defendant sentenced before the mitigating factor was added. We hold that it does not. Accordingly, we affirm defendant's sentence that was imposed in April 2020 before mitigating factor fourteen was added in October 2020.

I.

On November 15, 2019, a police officer received a report that defendant, who was in a car parked at a Wawa, appeared to be passing out. The police responded and ultimately searched his car, finding a can containing four bags of methamphetamine and a Glock 19 handgun. Defendant did not have a permit for the handgun and was ineligible to obtain a permit for it because he previously had been convicted of distributing a controlled dangerous substance.

On February 20, 2020, defendant was charged with second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1); second-degree being a certain person not permitted to possess weapons, N.J.S.A. 2C:39-7(b)(1); and third-degree possession of a controlled dangerous substance, N.J.S.A. 2C:35-10(a)(1). On that same day, defendant waived his right to have his case presented to a grand jury and to a jury trial and pleaded guilty to all three

2

charges. In pleading guilty, defendant admitted that on November 15, 2019, he had possessed four bags containing methamphetamine and a Glock 19 handgun, knowing he did not have and could not have a permit for a handgun. Defendant was twenty-two years old at the time he committed these crimes.

At the April 9, 2020 sentencing hearing, the court imposed the recommended sentence that had been negotiated by the State in exchange for defendant's guilty pleas. Defendant was sentenced on the unlawful-possession-of-a-handgun conviction to a term of five years in prison with forty-two months of parole ineligibility; on the certain-persons conviction to five years in prison with five years of parole ineligibility; and on the possession-of-a-controlled-dangerous-substance conviction to five years in prison. All sentences were to run concurrently to each other.

In imposing the sentence, the court found three aggravating factors: factor three, the risk of re-offense, N.J.S.A. 2C:44-1(a)(3); factor six, defendant's criminal history, N.J.S.A. 2C:44-1(a)(6); and factor nine, the need to deter, N.J.S.A. 2C:44-1(a)(9). In finding those aggravating factors, the court noted defendant had admitted to "a substance abuse history, involving alcohol, marijuana, heroin, cocaine, methamphetamine, LSD and K2" and had two prior

3

indictable convictions in New Jersey and prior convictions for unlawful possession of a firearm and other drug-related offenses in Pennsylvania.

The court found mitigating factor four, there were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense, N.J.S.A. 2C:44-1(b)(4), based on defendant's substance-abuse history. The court also gave "light weight" to mitigating factor eight, the defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1(b)(8), given defendant's character and attitude at sentencing.

On appeal, defendant focuses his arguments on the sentence he received in April 2020 and submits he is entitled to a resentence given the Legislature's amendment of N.J.S.A. 2C:44-1(b) to include youth as a mitigating factor to be applied to defendants under the age of twenty-six at the time of their crimes. Defendant articulates his arguments as follows:

> POINT I
>
> DEFENDANT IS ENTITLED TO HAVE THE COURT CONSIDER HIS YOUTH AS A MITIGATING FACTOR IN ACCORDANCE WITH P.L. 2020, CHAPTER 110. DEFENDANT'S SENTENCE SHOULD BE VACATED AND THE MATTER REMANDED FOR RESENTENCING.
>
>> 1. The October 19, 2020, Statutory Amendment to N.J.S.A. 2C:44-1(b)'s List of Mitigating Factors.

> 2. Defendant and Similarly Situated Defendants Are Entitled To A Remand Under The Provisions Of The Savings Statute, N.J.S.A. 1:1-15, Because The Amendment: Pertained To A Mode of Procedure, The Proceedings On The Indictment Are Ongoing, And A Remand Is Practicable.

POINT II

THE AMENDMENT TO N.J.S.A. 2C:44-1(b) SHOULD BE APPLIED TO DEFENDANT'S PENDING APPEAL UNDER THE TIME-OF-DECISION RULE, BECAUSE IT WAS AN AMELIORATIVE REVISION THAT THE LEGISLATURE ENACTED TO BE EFFECTIVE IMMEDIATELY.

## II.

On October 19, 2020, the Legislature passed, and the Governor signed into law, several recommendations of the Criminal Sentencing and Disposition Commission. See L. 2020, c. 106; L. 2020, c. 109; L. 2020, c. 110. One of the new laws added a new mitigating factor for a court to consider in imposing a criminal sentence. L. 2020, c. 110. Specifically, mitigating factor fourteen was added so that a court "may properly consider" the mitigating circumstance that "defendant was under 26 years of age at the time of the commission of the offense." N.J.S.A. 2C:44-1(b)(14).

The question of whether a newly enacted law applies retroactively "is a pure legal question of statutory interpretation" based on legislative intent. State v. J.V., 242 N.J. 432, 442 (2020), as revised (June 12, 2020) (quoting Johnson v. Roselle EZ Quick LLC, 226 N.J. 370, 386 (2016)). "To determine the Legislature's intent, we look to the statute's language and give those terms their plain and ordinary meaning." Id. at 442 (citing DiProspero v. Penn, 183 N.J. 477, 492 (2005)). If the language of the statute clearly reflects the Legislature's intent, then courts apply the law as written, affording the terms their plain meaning. Ibid. If the language is ambiguous, "we may resort to 'extrinsic interpretative aids, including legislative history,' to determine the statute's meaning." Id. at 443 (quoting State v. S.B., 230 N.J. 62, 68 (2017)).

"When the Legislature does not clearly express its intent to give a statute prospective application, a court must determine whether to apply the statute retroactively." Ibid. (quoting Twiss v. Dep't of Treasury, 124 N.J. 461, 467 (1991)). When considering criminal laws, courts presume that the Legislature intended them to have prospective application only. Ibid. Consistent with the presumption in favor of prospective application, the savings statute also "establishes a general prohibition against retroactive application of penal laws."

State v. Chambers, 377 N.J. Super. 365, 367 (App. Div. 2005); see also N.J.S.A. 1:1-15.

Our Supreme Court has recognized three exceptions to the presumption of prospective application of statutes. J.V., 242 N.J. at 444. Those exceptions apply when:

> (1) the Legislature provided for retroactivity expressly, either in the language of the statute itself or its legislative history, or implicitly, by requiring retroactive effect to "make the statute workable or to give it the most sensible interpretation"; (2) "the statute is ameliorative or curative"; or (3) the parties' expectations warrant retroactive application.
>
> [Ibid. (quoting Gibbons v. Gibbons, 86 N.J. 515, 522-23 (1981)).]

An ameliorative statute "refers only to criminal laws that effect a reduction in a criminal penalty." Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 196 (App. Div. 2019) (quoting Street v. Universal Mar., 300 N.J. Super. 578, 582 (App. Div. 1997)). To be afforded retroactive application, an ameliorative statute "must be aimed at mitigating a legislatively perceived undue severity in the existing criminal law." State in the Interest of J.F., 446 N.J. Super. 39, 55 (App. Div. 2016) (quoting Kendall v. Snedeker, 219 N.J. Super. 283, 286 n.1 (App. Div. 1987)).

A curative change to a statute is limited to actions that "remedy a perceived imperfection in or misapplication of a statute." Pisack v. B & C Towing, Inc., 240 N.J. 360, 371 (2020) (quoting James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 564 (2014)). A curative change does not "alter the act in any substantial way, but merely clarifie[s] the legislative intent behind the [previous] act." Ibid. (alterations in original) (quoting James, 216 N.J. at 564).

N.J.S.A. 2C:44-1(b)(14) is not curative because it did not remedy an imperfection; rather, it added a new mitigating factor based on new concerns regarding youthful offenders. See L. 2020, c. 110. Moreover, while the new mitigating factor is ameliorative, the Legislature stated that the statute was to "take effect immediately," L. 2020, c. 110, thereby signaling that it was not to be given retroactive effect.

In two recent decisions, our Supreme Court held that statutes that have an immediate or future effective date evidence the Legislature's intent to afford prospective application only. See Pisack, 240 N.J. at 370 (statute "take[s] effect immediately" on the day it is signed into law); J.V., 242 N.J. at 435 (statute applies in the future when effective date is after date of statute's enactment). In J.V., the Court explained that "[h]ad the Legislature intended an earlier date for the law to take effect, that intention could have been made plain in the very

section directing when the law would become effective." 242 N.J. at 445 (quoting James, 216 N.J. at 568). Because we presume that the Legislature was aware of the judicial construction of its statutes, N.J. Democratic Party, Inc. v. Samson, 175 N.J. 178, 195 n.6 (2002), we assume the Legislature was aware of Pisack (issued on Jan. 16, 2020) and J.V. (issued on June 12, 2020), both of which were issued before the enactment of N.J.S.A 2C:44-1(b)(14) on October 19, 2020.

Moreover, the Legislature did not express any intent for the statute to be applied retroactively. Silence on the question of retroactivity may be "akin to a legislative flare, signaling to the judiciary that prospective application is intended." Olkusz v. Brown, 401 N.J. Super. 496, 502 (App. Div. 2008). Accordingly, because defendant was sentenced in April 2020, before mitigating factor fourteen was added, he is not entitled to a resentencing based purely on that mitigating factor.

Our holding in that regard is consistent with the published cases that have addressed whether mitigating factor fourteen should be applied retroactively. We have discussed whether mitigating factor fourteen should be applied retroactively in two published opinions. See State v. Bellamy, 468 N.J. Super. 29 (App. Div. 2021); State v. Tormasi, 466 N.J. Super. 51 (App. Div. 2021).

In Tormasi, we held that the adoption of mitigating factor fourteen does not provide a basis to grant a new sentencing hearing because the factor related to the weight of the sentencing, which is a matter of excessiveness, not legality. 466 N.J. Super. at 67. In Bellamy, we held that when there is an independent basis to order a new sentencing hearing, mitigating factor fourteen should be applied in the new sentencing proceedings. 468 N.J. Super. at 47-48. We explained:

> This is not intended to mean cases in the pipeline in which a youthful defendant was sentenced before October 19, 2020, are automatically entitled to a reconsideration based on the enactment of the statute alone. Rather, it means where, for a reason unrelated to the adoption of the statute, a youthful defendant is resentenced, he or she is entitled to argue the new statute applies.
>
> [Id. at 48.]

Here, defendant has not argued that there is any independent basis unrelated to mitigating factor fourteen warranting a resentencing. As defendant was sentenced on April 9, 2020, we hold that he is not entitled to a resentencing based on the addition of mitigating factor fourteen, which was made effective on October 19, 2020.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3831-19