939 A.2d 226 (2008)
398 N.J. Super. 1
STATE of New Jersey, Plaintiff-Respondent
v.
J.R.S., Petitioner-Appellant.
In the Matter of Expungement Petition of J.R.S.
Superior Court of New Jersey, Appellate Division.
Argued November 27, 2007.
Decided January 22, 2008.
*227 Joel I. Rachmiel, Springfield, argued the cause for appellant.
Eric Mark, Assistant Prosecutor, argued the cause for respondent (Wayne J. Forrest, Somerset County Prosecutor, attorney; Jamin Cooper, Assistant Prosecutor, on the brief).
Before Judges COBURN, FUENTES and CHAMBERS.
The opinion of the court was delivered by
FUENTES, J.A.D.
Petitioner, J.R.S., appeals from the order of the Law Division vacating a previously entered judgment expunging the records of his arrest for the disorderly persons offense of resisting arrest. After the charges were dismissed, but before filing the expungement application, petitioner sent a tort claims notice to the State *228 regarding the arrest. Once the expungement was granted, petitioner then commenced a civil suit against the State for claims arising out of the arrest. The State argues on appeal that petitioner's filing of a tort claims notice under N.J.S.A. 59:8-8 constituted the commencement of "civil litigation" against a public entity, triggering the statutory bar against the granting of an expungement petition contained in N.J.S.A. 2C:52-14(d). We disagree and reverse.

I
The salient facts here are brief and undisputed. On December 11, 2004, the New Jersey State Police arrested petitioner in Somerset County and charged him with (1) driving while intoxicated, N.J.S.A. 39:4-50; (2) refusing to take a breathalyzer examination, N.J.S.A. 39:4-50.2[1]; and (3) resisting arrest, N.J.S.A. 2C:29-2. The Warren Township municipal court dismissed these charges on September 9, 2005.
On September 29, 2005, petitioner sent a notice of tort claims under N.J.S.A. 59:8-8 to the Superintendent of the New Jersey State Police. This notice, prepared by petitioner's counsel, read as follows:
[t]his letter is submitted as Notice of Tort Claim against the New Jersey State Police for the false arrest, malicious prosecution and use of excessive force against my client on [December 11, 2004] for an incident in which he was falsely accused of driving while intoxicated, refusal to take a breathalyzer examination and resisting arrest.
The notice also listed the four officers involved in the incident and explained that the court had dismissed all charges against the petitioner.
On October 21, 2005, petitioner filed a verified petition for expungement and a certification of verification to accompany a petition for expungement. Petitioner did not mention the tort claims notice in either the petition or the certification. On December 22, 2005, the Somerset County Prosecutor's Office formally notified the trial court that the State did not object to the petitioner's application for expungement. On January 13, 2006, the trial court entered the order for expungement. After receipt of the expungement order, the State Police wrote to petitioner, on March 29, 2006, and informed him that it had "examined [its] records and f[ou]nd no record of the arrest(s) and/or their disposition(s) in our files."
On February 14, 2006, petitioner filed a civil complaint against the state troopers who arrested him and the State Police Superintendent. In this complaint, petitioner alleged that the troopers stopped him without probable cause, used excessive force and physically assaulted him. The complaint was predicated upon the common law tort of false arrest, violations of his civil rights under 42 U.S.C.A. § 1983, state law, and malicious prosecution.
On June 7, 2006, (more than six months after advising the court that it had no objections to petitioner's expungement petition), the Somerset County Prosecutor's Office filed a motion to vacate the expungement order. The State argued that the court should vacate the expungement order under N.J.S.A. 2C:52-14(b), because the need for the availability of the arrest records outweighed the desirability of having petitioner freed from any disabilities. The State also argued that the court should vacate the expungement order under N.J.S.A. 2C:52-14(d), because petitioner's arrest is the subject of civil litigation between petitioner and the State. The *229 trial court agreed and granted the State's motion.

II
We begin our discussion by noting that the expungement statute contains only two legal grounds for vacating an expungement order: (1) there were pending charges against the individual at the time of the petition or hearing, which were not revealed to the court; or (2) there was some other statutory disqualification at the time of the petition or hearing. N.J.S.A. 2C:52-26. If either of these circumstances exists, the court must "vacate the expungement order in question and reconsider the original motion in conjunction with the previously undisclosed information." Ibid.
Here, there were no allegations of any pending charges against the petitioner; thus, in order to vacate petitioner's expungement order the trial court needed to find a statutory disqualification at the time petitioner presented his petition for adjudication.[2] On appeal, the State argues the petitioner was statutorily disqualified under N.J.S.A. 2C:52-14(d). This legal conclusion is not supported by a plain reading of the statute.
N.J.S.A. 2C:52-14(d) states
A petition for expungement filed pursuant to this chapter shall be denied when . . .
d. The arrest or conviction sought to be expunged is, at the time of hearing, the subject matter of civil litigation between the petitioner or his legal representative and the State, any governmental entity thereof or any State agency and the representatives or employees of any such body. (Emphasis added.)
The term "civil litigation" speaks to a pending civil action in a court of law. Although the filing of a tort claims notice under N.J.S.A. 59:8-8 is an indispensable jurisdictional prerequisite to the prosecution of common law tort claims against a public entity, Velez v. City of Jersey City, 180 N.J. 284, 289, 850 A.2d 1238 (2004), the mere serving of this notice upon the public entity does not amount to the commencement of "civil litigation." In this context, civil litigation is commenced by the filing of a pleading by the plaintiff. Potential future litigation or notice of intent to commence a civil suit at some future time are not grounds for denying a petition for expungement under N.J.S.A. 2C:52-14(d).
We also find no statutory support for the State's argument that enforcement of the expungement judgment here will deprive the State of information needed to defend itself against plaintiff's allegations of wrongdoings. Expunged records are not destroyed. N.J.S.A. 2C:52-1a. Even after the entry of a judgment of expungement, these records remain available for certain limited purposes, including to satisfy discovery obligations in a civil suit. In re Expungement Application of P.A.F., 176 N.J. 218, 221, 822 A.2d 572 (2003) (citing N.J.S.A. 2C:52-17 to 23, 27c). N.J.S.A. 2C:52-19 specifically provides that:
Inspection of the files and records, or release of the information contained therein, which are the subject of an order of expungement, or sealing under prior law, may be permitted by the Superior Court upon motion for good cause shown and compelling need based on specific facts. The motion or any order granted pursuant thereto shall specify the person or persons to whom the records and information are to be shown and the purpose for which they are to be *230 utilized. Leave to inspect shall be granted by the court only in those instances where the subject matter of the records of arrest or conviction is the object of litigation or judicial proceedings. Such records may not be inspected or utilized in any subsequent civil or criminal proceeding for the purposes of impeachment or otherwise but may be used for purposes of sentencing on a subsequent offense after guilt has been established. (Emphasis added.)
Here, petitioner's arrest records would fall squarely within the purview of these discovery provisions. In fact, even before the adoption of N.J.S.A. 2C:52-19, we held that "[t]he remedy of expungement was never intended as a device by which a plaintiff in a malicious prosecution suit could control the availability of evidence relevant thereto." Ulinsky v. Avignone, 148 N.J.Super. 250, 255, 372 A.2d 620 (App.Div.1977).
Reversed.
NOTES
[1] Motor vehicle offense are not subject to expungement. N.J.S.A. 2C:52-28.
[2] Since there were no objections made to petitioner's petition, the court entered the expungement order without holding a hearing. See N.J.S.A. 2C:52-11.