NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 12-3271

————————

ROBERT MELBER,

Appellant

v.

UNITED STATES OF AMERICA, as substituted for Keegan Johnson, M.D.;
SCOTT M. WALSMAN, M.D.; and JUNG S. LEE, M.D.;
NEELAKSHI BHAGAT, M.D.; AMIR COHEN, M.D.;
JOHN DOE, M.D. I-V (said names being fictitious, true identities presently unknown);
XYZ CORROPORATIONS I-V (said names being fictitious,
true identities presently unknown)

————————

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-11-cv-03510)
District Judge: Honorable Esther Salas

————————

Argued April 17, 2013

Before:  AMBRO, HARDIMAN, and COWEN, Circuit Judges

(Opinion filed: May 31, 2013)

Thomas C. Martin, Esquire
Michael J. Noonan, Esquire (**Argued**)
Nowell, Amoroso, Klein & Bierman
155 Polifly Road
Hackensack, NJ   07601

        Counsel for Appellant

Michael Campion, Esquire
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ   07102

        Counsel for Appellee United States of America

Gary L. Riveles, Esquire (**Argued**)
Dughi, Hewit & Domalewski
340 North Avenue, Suite 2
Cranford, NJ   07016

        Counsel for Appellees Neelakshi Bhagat and Amir Cohen

_____

OPINION

_____

AMBRO, <u>Circuit Judge</u>

Plaintiff-Appellant Robert Melber appeals the District Court's dismissal of his medical malpractice action for failure to comply with the requirements of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 *et seq.*, (the "New Jersey Act," or simply the "Act"). Though this is a sympathetic case, New Jersey law, which governs this case, would stretch too far were we to reverse.

In May and June of 2009, Melber—a veteran of the United States Navy—received two eye surgeries at the U.S. Veteran's Administration Hospital in East Orange, New Jersey. He subsequently lost vision in his right eye and filed malpractice claims against, among others, the two surgeons who performed the operations, Drs. Neelakshi Bhagat and Amir Cohen (the "Doctors"). The Doctors, however, were employees of the State of New Jersey through the University of Medicine and Dentistry of New Jersey

2

("UMDNJ"). Because sovereign immunity would ordinarily preclude tort claims made against these state employees, Melber had to satisfy procedural requirements of the Act to abrogate their sovereign immunity.

Those procedures were not satisfied. Although Melber filed notice of his federal tort claims, he never filed the notice required by the New Jersey Act. *See* N.J.S.A. 59:8-8(a) ("The claimant shall be forever barred from recovering against a public entity or public employee if . . . [h]e failed to file his claim with the public entity within 90 days of accrual of his claim except as otherwise provided . . . ."); *see also id.* at 59:8-9 ("A claimant who fails to file notice of his claim within 90 days as provided in section 59:8-8 of this act . . . may, in the discretion of a judge of the Superior Court, be permitted to file such notice at any time within one year after the accrual of his claim[,] provided that the public entity or the public employee has not been substantially prejudiced thereby[]" and there are "sufficient reasons constituting extraordinary circumstances for his failure to file notice of claim within the period of time prescribed"). Because no required notice was ever supplied, the District Court granted dismissal as to the Doctors for lack of subject matter jurisdiction.[1] Fed. R. Civ. P. 12(b)(1).

Melber argues that it was impossible for him to supply timely notice under the Act because he was led to believe that the Doctors were federal—not state—employees throughout the entire statutory notice period. He points to a July 29, 2010 letter from the

---

[1] The District Court had jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2679. We have jurisdiction under the interlocutory appeal provision of 28 U.S.C. § 1292(b), and exercise plenary review of the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(1), *In re Kaiser Group Int'l Inc.*, 399 F.3d 558, 561 (3d Cir. 2005).

Department of Veterans Affairs as the first indication that he "was notified that Drs. Bhagat and Cohen may have a relationship with UMDNJ." Melber's Br. at 4. The District Court, however, acknowledged this, and concluded that the date of claim accrual tolled until July 29, 2010 (the date of the letter). We agree. "The discovery rule provides that in an appropriate case a cause of action will be held not to accrue until the injured party discovers, or by an exercise of reasonable diligence and intelligence should have discovered[,] that he may have a basis for an actionable claim." *McDade v. Siazon*, 32 A.3d 1122, 1131 (N.J. 2011) (citation and internal quotation marks omitted). Specifically, where a plaintiff-patient had no reason to believe that his physician was a public employee, this presents "unique circumstances" that allow the time bar to toll. *Eagan v. Boyarsky*, 731 A.2d 28, 34 (N.J. 1999). Here, the July 29, 2010 letter explained that the Doctors "are contract physicians and not employees of the [federal] Agency," and goes on to name "the contractor" as "UMDNJ." J.A. at 38. Even if this was not full notice, reasonable diligence required additional inquiry at that point. Therefore, because Melber did not file any tort claim notice in the year following the July 29, 2010 accrual date—or at any time for that matter—his claim is barred under the terms of the Act.

Melber contends that he should be excused from his failure to file notice. In support of his position, he relies on *Eagan*, where the Supreme Court of New Jersey excused a plaintiff's failure to file on similar facts. 731 A.2d at 34. Although facially analogous, *Eagan* does not control here. In concluding that tolling was warranted for obscured public employee status, *Eagan* forgave the failure to file because the plaintiff "undoubtedly believed that a late notice would be barred by the one-year time barrier of

4

N.J.S.A. 59:8–9," and because he "nonetheless acted promptly to protect his rights." *Id.* at 33. Neither rationale applies to the facts before us. First, because *Eagan* clearly established that tolling applies under these very circumstances, the justification for Eagan's failure to file—legal uncertainty as to the viability of tolling—no longer exists. *See, e.g.*, *D.D. v. Univ. of Med. & Dentistry of New Jersey*, 61 A.3d 906, 921 (N.J. 2013) (allowing extraordinary circumstances based on "a reasonable, albeit ultimately mistaken, perception of the Act's requirements," but not on "an attorney's inattention to a file, or even ignorance of the law"). The bigger problem is that we know of no indication that Melber acted promptly to protect his rights on learning that the Doctors were state employees.

Melber's arguments aimed at the sufficiency of the evidence establishing the Doctors as UMDNJ employees are also unavailing. As explained, even if the July 29, 2010 letter did not itself constitute notice, it should have invited additional inquiry. And, there is no serious contention that the Doctors were not actually UMDNJ employees. *See* J.A. at 181–82 (Doctors' employment letters).

Finally, to the extent Melber argues that his federal tort claims notice should suffice to provide the notice required by the New Jersey Act, we find no compelling support for this proposition. Instead, the Supreme Court of New Jersey appears to have implicitly declined to equate the two unrelated forms of notice. *Cf. Ventola v. New Jersey Veteran's Mem'l Home*, 751 A.2d 559, 563–64 (N.J. 2000) (failing to adopt federal notice as a timely substitute for state-law notice, but noting that allowing substitute notice between *state* agencies counseled in favor of applying the extended one-

5

year filing period pursuant to N.J.S.A. 59:8-9). *Ventola* is not our case, and, moreover, we are beyond the one-year period after July 29, 2010.

In this context, because notice was not properly supplied under the Act, we have no choice but to affirm the District Court's order dismissing Melber's complaint as to Drs. Bhagat and Cohen.[2]

---

[2] The parties dispute whether an answer was filed containing the affirmative defense of failure to provide notice under the Act. After considering the submissions of the parties, we are satisfied that—whatever transpired before the Superior Court prior to removal—Melber's counsel at least received a copy of the answer submitted to the state trial court and was on notice of this defense. *See Reale v. Twp. of Wayne*, 332 A.2d 236, 240 (N.J. Super. Ct. Law Div. 1975) (concluding that a failure to provide notice of tort claims "may be excused by the court under appropriate circumstances," and so excusing where "[p]laintiffs . . . complained of no surprise or prejudice and the court perceive[d] none"). Moreover, the Appellate Division of the New Jersey Superior Court has also suggested that tort claim notice is jurisdictional by describing it as "an indispensable jurisdictional prerequisite to the prosecution of common law tort claims against a public entity." *State v. J.R.S.*, 939 A.2d 226, 229 (N.J. Super. Ct. App. Div. 2008). Finally, to the extent this requirement is not jurisdictional, we also deem Melber's argument that the Doctors failed to plead this affirmative defense waived because "ordinarily 'an appellant's failure to identify or argue an issue in his opening brief [the case here] constitutes waiver of that issue on appeal.'" *United States v. Andrews*, 681 F.3d 509, 532 (3d Cir. 2012) (quoting *United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005)).