NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2066-20

W.S.,

      Plaintiff-Respondent,

v.

DEREK HILDRETH,

      Defendant,

and

LAWRENCE TOWNSHIP
SCHOOL DISTRICT and
MYRON L. POWELL
ELEMENTARY SCHOOL,
and its teachers, directors,
officers, employees, agents,
counselors, servants or volunteers,

      Defendants-Appellants.

_____

| APPROVED FOR PUBLICATION |
| --- |
| **December 21, 2021** |
| **APPELLATE DIVISION** |

Argued October 18, 2021 – Decided December 21, 2021

Before Judges Messano, Accurso and Rose.

On appeal from an interlocutory order from the Superior Court of New Jersey, Law Division, Gloucester County, Docket No. L-0043-20.

Jerald J. Howarth argued the cause for appellants (Howarth & Associates, LLC, attorneys; Jerald J. Howarth and Purnima D. Ramlakhan, on the briefs).

Claudia J. Gallagher argued the cause for respondent (Chance & McCann, LLC, attorneys; Kevin P. McCann, Shanna McCann and Claudia J. Gallagher, on the brief).

The opinion of the court was delivered by

MESSANO, P.J.A.D.

In January 2020, plaintiff W.S. filed this complaint in Gloucester County alleging that defendant Derek Hildreth sexually abused him while plaintiff was a student at Myron L. Powell Elementary School, a school in the Lawrence Township School District (collectively, defendant), and Hildreth was his teacher.[1] The complaint asserted a cause of action pursuant to the CSAA and numerous common law causes of action against Hildreth and defendant.

In interrogatory answers, plaintiff said Hildreth sexually abused him twice during the 1996–97 school term, when plaintiff was in sixth grade; but plaintiff did not realize he was injured by Hildreth's sexual abuse until years later. Plaintiff allegedly suffered physical and mental injuries as a result of the sexual abuse and attempted suicide in April and November 2016.

---

[1] We use initials pursuant to subsection (f)(2) of the Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1.

After the complaint was filed, defendant discovered that in January 2017, plaintiff had moved in Cumberland County for leave to file a late notice of claim under the Tort Claims Act, N.J.S.A. 59:1-1 to 12-3 (TCA). On March 22, 2017, the judge denied plaintiff's motion "without prejudice." In his written decision supporting the order, the judge found that plaintiff reached the age of eighteen around 2004, and he began telling others of his sexual abuse at Hildreth's hands in 2016. The judge quoted the CSAA, noting that a cause of action did not accrue until "the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse." N.J.S.A. 2A:61B-1(b) (2017).

However, the judge concluded the motion record did "not establish a basis for tolling the accrual of the cause of action beyond plaintiff's eighteenth birthday," "let alone until April 2016, or thereafter." The judge's order provided:

> Plaintiff may refile the motion "supported by affidavits based upon personal knowledge of the affiant," or other competent evidence, "showing sufficient reasons constituting extraordinary circumstances" for his failure to file a notice of claim within ninety days of the accrual of his cause of action, and showing that his motion was filed within a reasonable time thereafter. In the event plaintiff refiles his motion, his original motion filing date of January 20, 2017[,] will be preserved.

Plaintiff did not refile a motion for leave to file a late notice of claim under the TCA. Instead, plaintiff filed this complaint nearly three years later.

Defendant moved to dismiss because plaintiff failed to file a timely notice of claim as required by the TCA. See N.J.S.A. 59:8-8(a) (generally requiring a claimant to file a notice of claim "with the public entity within [ninety] days of accrual of the claim"); N.J.S.A. 59:8-9 (permitting the filing of a late notice of claim for "sufficient reasons constituting extraordinary circumstances" and the lack of substantial prejudice to public entity). Defendant contended that assuming arguendo plaintiff's cause of action accrued in 2016: 1) plaintiff failed to file the requisite notice of claim under the TCA, even though the Cumberland County judge accorded him the opportunity to do so; and 2) amendments to the CSAA, the TCA, and the addition of new statutes of limitations for claims involving sexual abuse (the Amendments[2]), including the elimination of the need to file a notice of claim against public employees and entities for allegations of sexual abuse, did not apply retroactively to causes of action that accrued before the Amendments' effective date, December 1, 2019.

Although the motion judge agreed the Amendments did not apply retroactively to claims that accrued prior to December 1, 2019, he concluded

---

[2] L. 2019, c. 120 (Chapter 120), and L. 2019, c. 239 (Chapter 239).

the Amendments applied to "any cause of action filed prior to th[e] effective date that has not yet been finally adjudicated or dismissed by a court as of that effective date." See c. 239, § 2 (alteration in original). The judge reasoned that plaintiff's prior motion for leave to file a late notice of claim was denied without prejudice, therefore, plaintiff's "cause of action," although "filed prior to th[e] effective date" of the Amendments, had "not yet been finally adjudicated or dismissed." Ibid. Therefore, the Amendments applied, and plaintiff was not required to file a notice of tort claim. Defendant moved for reconsideration, which the judge denied.

By leave granted, defendant now appeals from the orders denying its motion to dismiss the complaint and for reconsideration.[3] It argues that although the Amendments eliminated the TCA's notice of claim requirement for lawsuits arising out of allegations of sexual abuse, that provision does not apply retroactively to any claim accruing prior to December 1, 2019. Because plaintiff's claim accrued at the latest in 2016, defendant argues the complaint must be dismissed for plaintiff's failure to file a notice of claim.

We disagree and affirm, albeit for reasons other than those expressed by the motion judge. See Hayes v. Delamotte, 231 N.J. 373, 387 (2018) ("[I]t is

---

[3] Defendant Hildreth did not appear in the Law Division and has not participated in this appeal.

well-settled that appeals are taken from orders and judgments and not from opinions, oral decisions, informal written decisions, or reasons given for the ultimate conclusion." (quoting Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 199 (2001))). Simply put, the Amendments became effective on December 1, 2019, and plaintiff's complaint, which otherwise would have been time-barred, was resuscitated under the newly enacted statute of limitations in N.J.S.A. 2A:14-2a. Additionally, plaintiff's timely complaint was now subject to the newly enacted N.J.S.A. 59:8-3(b), which specifically eliminated the need to file a notice of claim in advance of filing suit.

I.

"[W]hen analyzing pure questions of law raised in a dismissal motion . . . we undertake a de novo review." Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) (citing Royster v. N.J. State Police, 227 N.J. 482, 493 (2017); Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013)). We apply the same standard of review to issues of statutory interpretation. Brugaletta v. Garcia, 234 N.J. 225, 240–41 (2018) (citing Verry v. Franklin Fire Dist. No. 1, 230 N.J. 285, 294 (2017)).

Our "objective . . . 'is to effectuate legislative intent,' and '[t]he best source for direction on legislative intent is the very language used by the Legislature.'" Bozzi v. City of Jersey City, 248 N.J. 274, 283 (2021)

6

(alteration in original) (quoting Gilleran v. Twp. of Bloomfield, 227 N.J. 159, 171–72 (2016)).  "If the language is clear, the court's job is complete."  Ibid. (quoting In re Expungement Application of D.J.B., 216 N.J. 433, 440 (2014)).  "Where the plain meaning does not point the court to a 'clear and unambiguous result,' [the court] then considers extrinsic evidence from which it hopes to glean the Legislature's intent."  TAC Assocs. v. N.J. Dep't of Env't Prot., 202 N.J. 533, 541 (2010) (quoting Bedford v. Riello, 195 N.J. 210, 222 (2008)).

"Included within the extrinsic evidence rubric are legislative history and statutory context, which may shed light on the drafters' motives."  Ibid. (citing Aponte-Correa v. Allstate Ins. Co., 162 N.J. 318, 323 (2000)); see also Spade v. Select Comfort Corp., 232 N.J. 504, 515 (2018) ("We construe the words of a statute 'in context with related provisions so as to give sense to the legislation as a whole.'" (quoting N. Jersey Media Grp., Inc. v. Twp. of Lyndhurst, 229 N.J. 541, 570 (2017))).  When, as here, it is necessary to "interpret[] multiple statutes touching upon the same subject . . . [w]e must attempt to harmonize the provisions of all statutes that the Legislature has enacted affecting the subjects involved."  Nw. Bergen Cnty. Utils. Auth. v. Donovan, 226 N.J. 432, 444 (2016) (citing Brandt, 214 N.J. at 98).

We consider these well-known tenets in construing the Amendments as applied to these facts.

A-2066-20

## II.

In May 2019, the Legislature passed Chapter 120, which became effective on December 1, 2019. The Legislature intended to "extend the statute of limitations in civil actions for sexual abuse claims . . . [and] also expand the categories of potential defendants in civil actions, and for some actions permit retroactive application of standards of liability to past acts of abuse for which liability did not previously exist." Statement to S. Comm. Substitute for S. 477 (Mar. 7, 2019) (Committee Statement). Chapter 120 amended several statutes, including the TCA, the CSAA, and the Charitable Immunity Act (CIA), N.J.S.A. 2A:53A-7 to -11, and it also enacted entirely new statutes of limitations for tort claims arising from sexual abuse and exploitation.

Prior to passage of the Amendments, claims brought under the CSAA needed to be filed within two years of a plaintiff's reasonable discovery of the injury caused by the alleged sexual abuse. See Hardwicke v. Am. Boychoir Sch., 188 N.J. 69, 100 (2006) (citing N.J.S.A. 2A:61B-1(b) (2006)). Section 2 of Chapter 120 enacted a new provision, now codified as N.J.S.A. 2A:14-2a, that extended the statute of limitations for civil tort actions arising out of sexual abuse of minors.

> Every action at law for an injury resulting from
> the commission of sexual assault, any other crime of a

8 <span>A-2066-20</span>

sexual nature, a prohibited sexual act . . . or sexual abuse . . . against a minor under the age of [eighteen] that occurred prior to, on or after [December 1, 2019,] shall be commenced within [thirty-seven] years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later.

[N.J.S.A. 2A:14-2a(a)(1) (emphasis added).][4]

As a result, regardless of when the cause of action accrued, i.e., when it was reasonably discoverable that the sexual abuse of a child caused injuries, a complaint is timely if filed before the plaintiff reaches fifty-five years of age.[5] Therefore, plaintiff's complaint alleging he was sexually abused as a minor prior to December 1, 2019, was not time-barred because it was filed well before plaintiff's fifty-fifth birthday. See Committee Statement at 1 (as to

---

[4] Section 2 of Chapter 120 also expanded the statute of limitations for causes of action arising from sexual crimes committed against adults "that occurred prior to, on or after [December 1, 2019]" to seven years. See N.J.S.A. 2A:14-2a(b)(1) (emphasis added); see also Committee Statement at 4. Chapter 120, Section 9 also created a new two-year statute of limitations for both child and adult victims of sexual abuse whose causes of action would otherwise be time-barred under the newly extended statutes of limitations created by § 2, allowing any such suit to be filed within two years of the Amendments' effective date. See N.J.S.A. 2A:14-2b(a); Committee Statement at 7.

[5] Nevertheless, somewhat inexplicably, the Legislature defined the accrual date for causes of action pursuant to N.J.S.A. 2A:30B-1, child exploitation, as "the time of reasonable discovery of the injury and its causal relationship to the act." See c. 120, § 3. It nevertheless made the cause of action subject to the newly enacted statute of limitations, N.J.S.A. 2A:14-2a. Ibid.

child victims: "For abuse that occurred prior to . . . the bill's effective date, a lawsuit would need to be . . . (filed by the victim's [fifty-fifth] birthday), or within seven years of discovering the injury . . . if the end date of the seven-year period would occur after the victim turns [fifty-five] years of age.").

Defendant does not contend otherwise. Instead, defendant argues the Amendments' elimination of the TCA's requirement that a notice of claim be served on a public employee or entity within ninety days of the accrual of a cause of action still applies to claims that accrued prior to December 1, 2019. To properly consider the argument, we need to consider other provisions of Chapter 120 and take note of Chapter 239.

Chapter 120, Sections 2, 5, and 6, amended provisions of the CIA and made those changes subject to the new statutes of limitation. Section 5 amended the CIA to provide there would be no organizational immunity for sexual abuse claims based on "willful, wanton or grossly negligent act[s] of commission or omission, including sexual assault" and "any crime of a sexual nature." N.J.S.A. 2A:53A-7(c). Additionally, Section 6 of Chapter 120 amended N.J.S.A. 2A:53A-7.5, to extend the statute of limitations for claims under N.J.S.A. 2A:53A-7.4, which makes charitable organizations liable for acts of negligence in employee hiring, supervision or retention that result in

10

sexual abuse of a minor.[6]  The Legislature intended that these changes to the CIA apply retroactively.  See Committee Statement at 2–3.

Defendant's contention requires examination of two other provisions of Chapter 120 which amended the TCA.  Section 7 added an entirely new provision to the TCA, codified as N.J.S.A. 59:2-1.3, which eliminated public entity immunity for injuries resulting from sexual abuse by providing:

> Notwithstanding any other provision of law to the contrary, including but not limited to the [TCA], a public entity is liable in an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . or sexual abuse . . . .
>
> [L. 2019, c. 120, § 7.]

Finally, we come to the other critical change the Amendments made to the TCA for purposes of this appeal.  Prior to December 1, 2019, N.J.S.A. 59:8-3 barred all actions against public entities and employees "unless the claim . . . [was] presented in accordance with" the notice of claim provisions of the TCA, including the time requirements of N.J.S.A. 59:8-8 and -9.

---

[6] When N.J.S.A. 2A:53A-7.4 was enacted in 2005 and made effective in 2006, the Legislature determined it should apply only prospectively.  See L. 2005, c. 264.  However, Section 6 of Chapter 120 made this provision of the CIA applicable "to all civil actions . . . resulting from an act that occurred prior to [December 1, 2019]," and made such lawsuits "subject to the statute of limitations" in N.J.S.A. 2A:14-2a.  N.J.S.A. 2A:53A-7.5(b).

A-2066-20

Section 8 of Chapter 120 added a new subsection to N.J.S.A. 59:8-3, which states: "The procedural requirements of this chapter shall not apply to an action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . . or sexual abuse . . . ." L. 2019, c. 120, § 8, now codified as N.J.S.A. 59:8-3(b).

The Committee Statement explains the Legislature's purpose in enacting these two amendments to the TCA.

> Section 7 – Child and Adult Victims: This section provides that the [TCA], or any other law, that may provide some form of governmental immunity from lawsuits based on injuries resulting from acts of sexual abuse are inapplicable, so that any public entity . . . may be held liable in any such suit in the same manner as a private organization.

> Section 8 – Child and Adult Victims: This section eliminates the [TCA's] two-year statute of limitations period, set forth in N.J.S.[A.] 59:8-8, for bringing a sexual abuse lawsuit against a public entity, as well as any of the act's procedural requirements, such as the [ninety]-day period for filing notice of a claim of liability against a public entity for such lawsuits; the process of filing a lawsuit with service upon the liable public entity or entities would thus be the same as when suing a private organization. Public entities would also be subject, just like a private organization, to the new, extended statute of limitations periods for child and adult victims of abuse detailed in section 2 (child victim – suit must be filed by the [fifty-fifth] birthday, or within seven years of discovering the injury; adult victim – suit must be filed within seven years of discovering the injury).

[Committee Statement at 7 (emphasis added).]

The Committee Statement does not expressly address the retroactivity of these changes to the TCA.

Governor Murphy signed Chapter 120 into law on May 13, 2019, but his signing statement noted an "error" in the new law that "fail[ed] to establish a standard of proof for cases involving claims filed against public entities." Governor's Statement to S. Comm. Substitute for S. 477 (May 13, 2019). The Governor said he had "received assurances that the Legislature will correct this omission by clarifying that public entities should be held to the same standard of liability that is applied to religious and nonprofit organizations. Applying a different standard would be unjustified." Ibid. In response, the Legislature enacted Chapter 239.

Chapter 239 amended Section 7 of Chapter 120 and limited its scope. Mirroring the changes already made to the CIA, Chapter 239 clarified that the TCA does not provide immunity for actions alleging sexual abuse "caused by a willful, wanton[,] or grossly negligent act of the public entity or public employee," and, if the victim was a minor, "caused by the negligent hiring, supervision or retention of any public employee." L. 2019, c. 239, § 1 (now codified as N.J.S.A. 59:2-1.3(a)). Chapter 239 further provided that "[e]very action at law" brought under N.J.S.A. 59:2-1.3(a) "shall be subject to the

13                                                            A-2066-20

statute of limitations set forth in [N.J.S.A. 2A:14-2a], and may be brought during the two-year period set forth in [N.J.S.A. 2A:14-2b]." Ibid. (now codified as N.J.S.A. 59:2-1.3(b)).

Importantly for our purposes, Chapter 239, Section 2 provided that the "act shall take effect on December 1, 2019," the same effective date as Chapter 120, and "shall apply to any cause of action filed on or after that date, as well as any cause of action filed prior to that effective date that has not yet been finally adjudicated or dismissed by a court as of that effective date." L. 2019, c. 239, § 2 (emphasis added). Notably, Chapter 239 made no changes to the new N.J.S.A. 59:8-3(b), which eliminated all "procedural requirements of" the TCA for any "action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act . . ., or sexual abuse . . . ."

## A.

The motion judge seized upon Section 2 of Chapter 239 to deny defendant's motion. While concluding the Amendments were not intended to apply retroactively to claims that accrued prior to December 1, 2019, the judge determined plaintiff's claim was not "finally adjudicated or dismissed" by that date, because plaintiff's 2017 motion to file a late notice of claim was denied without prejudice. We disagree with this reasoning.

14

Simply put, plaintiff never filed "a cause of action" in 2017, much less "a cause of action" that was not yet "finally adjudicated or dismissed" prior to December 1, 2019. c. 239, § 2. Plaintiff's 2017 motion to file a late notice of claim sought relief which at that time was a mandatory predicate to the filing of most tort complaints against a public entity or employee. See, e.g., State v. J.R.S., 398 N.J. Super. 1, 5–6 (App. Div. 2008) ("Although the filing of a tort claims notice under N.J.S.A. 59:8-8 is an indispensable jurisdictional prerequisite to the prosecution of common law tort claims against a public entity, the mere serving of this notice upon the public entity does not amount to the commencement of 'civil litigation.'" (citing Velez v. City of Jersey City, 180 N.J. 284, 289 (2004))). Although we disagree with the motion judge's reasoning, we nevertheless affirm the orders under review.

B.

Defendant contends that the Legislature did not expressly provide for N.J.S.A. 59:8-3(b) — the elimination of the TCA's "procedural requirements" for sexual abuse cases — to apply to causes of action that accrued before December 1, 2019. Defendant argues that by setting a prospective effective date, the Legislature signaled its intention that the Amendments apply prospectively and not retroactively to causes of action that accrued prior to the effective date. See, e.g., State v. J.V., 242 N.J. 432, 444 (2020) ("The

15

Legislature's postponement of [the statute's] effective date is clear evidence that the Legislature intended the statute to apply prospectively only."); James v. N.J. Mfrs. Ins. Co., 216 N.J. 552, 574–75 (2014) (holding use of "effective date" in legislation signaled intention to reform contracts of insurance as of that date but did not make statute retroactively apply to accidents that occurred prior to the effective date).

Defendant also notes that other provisions of Chapter 120, such as the new statutes of limitations for sexual abuse cases, were made explicitly retroactive, and Chapter 239, which dealt with TCA immunities and had the same effective date as Chapter 120, only applied prospectively, i.e., "to any cause of action filed on or after that date," or with limited retroactivity, to "any cause of action filed prior to that effective date that has not yet been finally adjudicated or dismissed by a court as of that effective date." L. 2019, c. 239, § 2.

Defendant also argues that even if the Legislature intended N.J.S.A. 59:8-3(b) to apply retroactively to claims that accrued prior to its effective date, retroactive application would be manifestly unjust, because it would be contrary to the "legitimate state interests in adhering to strict TCA notice compliance." Defendant relies extensively on our decision in Serrano v. Gibson, 304 N.J. Super. 314 (App. Div. 1997), to advance this argument.

16

However, we conclude it is unnecessary to address the Amendments' retroactivity under the facts of this case.

Initially, the Legislature enacted an entirely new statute of limitations for claims based on child sexual assault, abuse, and exploitation that occurred "prior to, on or after" December 1, 2019.  N.J.S.A. 2A:14-2a(a)(1) (emphasis added).  The Legislature did not amend that provision of the CSAA that defines the accrual date of a cause of action under the statute as "the time of reasonable discovery of the injury and its causal relationship to the act of sexual abuse."  N.J.S.A. 2A:61B-1(b).  But, Chapter 120 made any action brought under the CSAA subject to the new statutes of limitation.

This legislative action intentionally resuscitated claims, like plaintiff's, that had accrued prior to December 1, 2019, and otherwise would have been time-barred under the prior statute of limitations.  The Committee Statement's "summary of the bill's provisions . . . details [the legislation's] scope and application to lawsuits which could be filed beginning on December 1, 2019." Committee Statement at 1 (emphasis added).  The Legislature clearly intended that plaintiff's 2020 complaint was in the universe of lawsuits to which Chapter 120 would apply.

As to complaints alleging sexual abuse filed after December 1, 2019, the amendment to N.J.S.A. 59:8-3 removed the previous absolute bar to lawsuits

17

against public employees and entities "unless the claim . . . [was] presented in accordance with the procedure set forth in" the TCA. N.J.S.A. 59:8-3 (2019). Instead, the Legislature enacted new subsection (b), which eliminated all "procedural requirements" of the TCA for claims of sexual abuse. As noted, the later enacted Chapter 239 did not amend what was to become N.J.S.A. 59:8-3(b).

As a result, as of December 1, 2019, there was no longer any precondition for a plaintiff alleging sexual abuse as a minor by a public employee or public employer to file a notice of claim under the TCA before filing suit, regardless of when the cause of action accrued. Those claims are subject to the new statute of limitations contained in N.J.S.A. 2A:14-2a(a)(1), for which the Legislature chose to permit timely filing of a complaint before a plaintiff reaches the age of fifty-five, regardless of when the events occurred, i.e., "prior to, on or after" December 1, 2019, and without regard to when the cause of action accrued.[7] Accordingly, plaintiff's complaint was timely filed

---

[7] We recognize that N.J.S.A. 2A:14-2a(1) also permits a child sexual abuse victim to file a claim within seven years of accrual, i.e., "from the date of reasonable discovery of the injury and its causal relationship to the act," if later than the plaintiff having attained the age of fifty-five. We suppose it is theoretically possible that child sexual abuse plaintiffs may not reasonably discover their injury was causally related to an act of sexual abuse until they were forty-eight years of age or older, in which case the accrual date of their cause of action would have consequences vis-a-vis the new statute of

under the new statute of limitations governing his claims, and he was under no obligation to file a notice of tort claim as a prerequisite to suit.[8]

To the extent we have not addressed defendant's other claims, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

limitations. But, a suit that was timely filed at that point would be subject to N.J.S.A. 59:8-3(b), meaning it could be initiated without the plaintiff having served a notice of claim under the TCA.

[8] We hasten to add that we limit our holding to the facts of this case, which involve violations of the CSAA and other common law claims based on allegations of sexual abuse when plaintiff was a minor. As we observed in note four above, Chapter 120 also adopted a new statute of limitations for "[e]very action at law for an injury resulting from the commission of sexual assault or any other crime of a sexual nature against a person [eighteen] years of age or older that occurred prior to, on or after" December 1, 2019. N.J.S.A. 2A:14-2a(b)(1). Those suits "shall be commenced within seven years from the date of reasonable discovery of the injury and its causal relationship to the act," i.e., the date of accrual. Ibid. We specifically refrain from conducting a retroactivity analysis regarding N.J.S.A. 59:58-3(b) under the following circumstances, for example: 1) an adult victim of a sexual crime filed a timely suit against a public entity or employee after December 1, 2019, for a cause of action that accrued prior to that date; and 2) failed to file a timely notice of claim under N.J.S.A. 59:8-8(a), i.e., "within [ninety] days of accrual of the claim."

A-2066-20